OAKLEY MILLS MANUFACTURING COMPANY, plaintiff in error, *vs.* E. A. NEESE, for use, etc., defendant in error.

When, in a suit for flooding plaintiff's land by back-water from a mill-dam, it appeared that the defendant had an undoubted right to flow the water over

the land of plaintiff, to the extent that it was overflowed by a dam existing in 1857:

*Held*, that a verdict for the plaintiff for $550 00 damages is not sustained by proof that there is at present a *greater* overflow than was in 1857, and that more land is covered, there being nothing in the evidence to show how much more, or any evidence to indicate the amount of the damage caused by the increased overflow.

Damages. Before Judge KNIGHT. Cobb Superior Court. November Term, 1873.

A report of this case is unnecessary.

W. T. & W. J. WINN; GEORGE N. LESTER, for plaintiff in error.

C. D. PHILLIPS, for defendant.

McCAY, Judge.

No attack was made at the trial on Denmead's deed or grant. Under that he had an unquestionable right to back water upon lot number one thousand and ten, to the extent his then dam did back it, and the defendants having bought his mill tract, the easment on lot number one thousand and ten passed to the defendants. It is very clear, therefore, that the wrong done the plaintiff, if any, is the increased flow of the present back-water over and above what Denmead's deed allowed. As the evidence appears of record, there is absolutely no testimony to show how much damage is done the plaintiff's land by the present dam, more than was done by the old or Denmead's dam. There is some evidence that the present dam raises the water higher upon plaintiff's land than Denmead's did, but there is not a particle of proof showing how much higher, or how much more land is submerged. Mrs. Neese, the real plaintiff, says a "small quantity," but even she does not fixed the number of acres or its annual value. It appears by two or three witnesses that the whole of the land overflowed belonging to plaintiff is about fifteen acres, but how much of this is the result of the new dam, does not appear from any

Oakley Mills Manufacturing Company *vs.* Neese.

witness. Mrs. Merrett's testimony has reference only to the state of things before Denmead's deed. As a matter of course Denmead had a right to back water further back than Merrett did, else why should he need a new grant? And it is conclusively shown from the testimony that Denmead's dam was higher than Merrett's. At last, as it appears from the evidence, the only question before the jury was whether the present dam flowed the water on to plaintiff's land more than Denmead's did, and if so, how much more, and what was the damage caused by this additional flow? Upon this point, as we have said, there is some evidence that there is more land overflowed by the present dam than by Denmead's, but how much more does not appear from any witness, nor is there even an estimate of the damage caused by the increase. The jury seem to have found the damage caused by the whole overflow. That they had no right, under the evidence, to do. Denmead's deed is conclusive, and his right is upon the lower lot. And the defendants are not liable, except for the increase—for the damage caused by the overflow, by the present dam, more than was caused by Denmead's dam. Denmead's rights passed to the defendants, and to give damages for any portion of this overflow upon lot number one thousand and ten, that is not greater than Denmead overflowed it, is a wrong to the defendants, and is charging them with damages for doing that which they have bought the right to do. We think, therefore, this verdict is without evidence to sustain it. It may be that there is a greater overflow than was there during Denmead's time, and if there be the defendants are liable, but proof that the overflow is greater is not enough. The jury have no right to guess; it should appear by the proof. Mrs. Neese says a small quantity, but that is too indefinite. We are free to say that we consider the relative height of the two dams as affording the strongest proof whether or not there is a greater overflow. It seems to us absurd to say that a dam of the same or a less height than Denmead's would raise the water higher. The laws of nature would seem to contradict this. If the pond fills up it will be

shallower, will not hold as much water, but when the water gets to the top of the dam it will run over, and it *cannot*, as it seems to us, back the water except to a point up stream on a level with the top of the dam; it would do that with a full pond when the dam was new, and it would do no more at any other time, because it is impossible it should do so. An obstruction in a stream *cannot back* the water except to a point up the stream on a level with the top of the obstruction. There may be some mistake about the relative height of these two dams, or the witnesses may be mistaken as to the increased overflow; but if the height of the dams is the same, we are incredulous as to an increased overflow. Denmead may have worked his water more constantly, or his dam may have been leaky; but a good dam of say seven feet, cannot back the water higher than on a level ⋯ its top.

Judgment reversed.