ABRAM B. WETMORE, as Executor, etc., Appellant *v.* THOMAS E. PORTER, Respondent.

It is no defense to an action brought by an executor as such, to recover assets of the estate in the hands of defendant, or for the conversion thereof, that plaintiff in his individual capacity acted in collusion with the defendant in despoiling the estate.

Whoever receives property knowing that it is the subject of a trust, and has been transferred by the trustee in violation of his duty or power,

takes it subject to the right, not only of the *cestui que trust*, but also of the trustee, to reclaim possession or to recover for its conversion.

The complaint in an action brought by an executor to recover the value or possession of certain railroad bonds, after alleging the issuing of letters testamentary to plaintiff and his qualification, and that the bonds in question belonged to the estate, alleged in substance that plaintiff, at the request of defendant, who was his partner in business, and who knew that the bonds were trust funds, pledged the same as security for loans made to the firm ; that the firm had funds sufficient to pay the debt, and defendant was largely indebted to plaintiff, yet that defendant, without the knowledge or consent of plaintiff, procured the pledgee to sell the bonds, and the proceeds were applied to the payment of the firm debt ; that the bonds came into the custody and control of defendant, who refused to return them or pay their value. Upon demurrer to the complaint, *held*, that it set forth a good cause of action ; and that it was not necessary that plaintiff should have been made individually a party defendant.

*Dillaye* v. *Greenough* (45 N. Y. 438), distinguished.

A complaint which states facts constituting a good cause of action is not demurrable, simply because the facts are inartificially stated or because several different causes of action are joined in one count.

Nor is a complaint demurrable where the facts stated show that plaintiff is entitled to some relief because the relief demanded is not precisely that to which plaintiff is entitled.

(Argued March 13, 1883 ; decided March 27, 1883.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made April 3, 1882, which affirmed a judgment in favor of defendant, entered upon an order sustaining a demurrer to plaintiff's complaint herein.

The substance of the complaint and of the demurrer is stated in the opinion.

*E. Terry* for appellant. It is competent for partners to make contracts between themselves in reference to partnership matters. (*Glover* v. *Tuck*, 24 Wend. 153 ; *Casey* v. *Brush*, 2 Cin. 293 ; *Clough* v. *Hoffman*, 5 Wend. 499 ; *Musier* v. *Trumpbour*, id. 274 ; *Paine* v. *Thatcher*, 25 id. 450.) The action is properly brought by Wetmore as the executor or trustee of an express trust, and as the repre-

sentative of all parties interested in the estate. (Code, § 449.)
The complaint states a good cause of action. (2 Kent's
Com. 449; Comyn on Contracts, 2; *Pierson, Rec'r*, v.
*McCurdy*, 61 How. Pr. 134; *Holsapple* v. *R. W. & O. R.
R.*, 86 N. Y. 275; *Trust and Deposit Co.* v. *Price*, 87
id. 542, 549; Laws of 1858, chap. 314; 4 Edm. 483; Code,
§§ 452, 1317.) The maxim "*ex turpi causa, non oritur
actio*," does not apply to transactions of this kind. It only
applies to unlawful bargains or illegal contracts. (*Shiffner* v.
*Gordon*, 12 East, 304; *Belding* v. *Pitkin*, 2 Caines, 149;
*Springfield B'k* v. *Merrick*, 14 Mass. 322; *Russell* v. *De-
Grand*, 15 id. 39; *Allen* v. *Rescons*, 2 Lev. 174; *Fletcher* v.
*Harcot*, Hutton, 56; *Holman* v. *Johnson*, Cowp. 343; *Gas-
light Co.* v. *Turner*, 7 Scott, 779; *Wetherell* v. *Jones*, 3 B.
& Ald. 221; *Fivaz* v. *Nichols*, 2 C. B. 501; *Simpson* v. *Bloss*,
7 Taunt. 246; *Wheeler* v. *Russel*, 17 Mass. 281.) If all the
statements of facts in the complaint were denied by an answer
and proved, there would be sufficient to allow the plaintiff to
go to the jury. (*Powers* v. *Benedict*, 14 Weekly Dig. 249,
Ct. of App., Aug. 11, 1882.) When all the parties in interest
are before the court, the court may determine the controversy
(Code, § 3452); and may determine the ultimate rights of
the parties on the same side, as between themselves. (Code,
§ 31204.)

*Edward Fitch* for respondent. Even if all wrong were
eliminated from the matters stated in the complaint the plaintiff
would be claiming a recovery against defendant alone on a de-
mand jointly obligatory upon plaintiff and defendant, which
is not permissible. (*De Puy* v. *Strong*, 13 N. Y. 372; 4 Abb.
[N. S.] 340; *Dennison* v. *Dennison*, 9 How. 247; *Osgood* v.
*Whittlesey*, 10 Abb. 134; *Zabriskie* v. *Smith*, 13 N. Y. 322.)
The complaint does not state facts sufficient to constitute a
cause of action in favor of the plaintiff against the defendant.
(Code, §§ 487, 488.)

RUGER, Ch. J. The defendant demurred to the complaint
upon the grounds:

1st. That there was a defect in the parties defendant, in that the plaintiff should also have been made a defendant.

2d. That the complaint did not state facts sufficient to constitute a cause of action.

The action was brought to recover the value or the possession of certain railroad bonds. The complaint states facts sufficient to justify either form of relief, and if there is any other objection to such a form of complaint it is not raised by this demurrer.

The complaint sets forth among other things that one Alpheus Fobes died at New York city about the 1st day of July, 1872, having executed a last will and testament, which was admitted to probate by the surrogate of the county of New York, and letters testamentary were duly issued thereon to Abram B. Wetmore as sole executor, who thereafter took the oath of office and duly qualified; that nine $1,000 railroad bonds were of the assets belonging to said estate and were of the value of $12,000; that by an order of the surrogate made on or about the 26th day of May, 1874, the plaintiff was directed to keep the property of the estate, including said bonds, then remaining in his hands invested, and to continue in the discharge of his trust according to the terms of the will; that said bonds came into the custody of the defendant by an arrangement between the plaintiff and defendant (who then knew that the same were trust funds) whereby they were to be used as collateral security at a bank in New York for the firm notes of Porter & Wetmore. That firm consisted of the plaintiff and defendant, who were engaged in carrying on a general commission business for their joint individual benefit. The complaint further alleges that the bonds did not belong to the plaintiff individually, but were owned by the estate, and that plaintiff had long tried to re-obtain possession of them for the purpose of holding them to accomplish the objects of the trust, but that his efforts had been defeated by defendant; that on the 11th day of April, 1881, the bonds were procured to be sold by the defendant, and on the 12th day of April, 1881, and on several occasions previous thereto, the plaintiff demanded the return of the bonds

or the payment of the value thereof from the defendant, but that the defendant, admitting that they were in his custody or control, refused to return them or pay their value to the plaintiff. The complaint closed by demanding judgment for the sum of $15,000, with costs.

While the complaint contains the facts substantially as above set forth, it also contains much more, and perhaps the only question in the case is, whether the pleader in relating many unnecessary facts has stated, not only a cause of action, but also a defense. The facts above set forth contain all that is required in an action of trover, and are sufficient to sustain not only a judgment for the value of the bonds as for an unlawful conversion thereof by the defendant, but also a decree requiring them to be re-delivered into the possession of the trustee.

Under the liberal rule prevailing under the Code of Procedure for the construction of pleadings it would be contrary to its spirit to turn a party out of court who appears to have a good cause of action, simply because the pleader has stated those facts in an artificial manner, or has joined several different causes of action in one count, unless the objection thereto is specifically raised. Even under the former practice this complaint would have been held good in an action of trover, and the non-joinder as a defendant of a joint wrong-doer would not have been a defense to such an action.

It has been repeatedly held under the Code, that if the facts stated in a complaint show that the plaintiff is entitled to any relief, either legal or equitable, it is not demurrable upon the ground that the party has not demanded the precise relief to which he appears to be entitled. ( *Wright* v. *Wright*, 54 N. Y. 437; *Emery* v. *Pease*, 20 id. 62; *Williams* v. *Slote*, 70 id. 601.) But perhaps it is unnecessary to pursue this subject further, as the General Term, by a memorandum indorsed upon the papers, and which contains the only information we have of the reasons for their decision, seem to have placed it upon the ground that the complaint showed upon its face that there was a defect of parties defendant. In other words, that the plaintiff should have been made a party defendant with Thomas E. Porter in

any action to recover the value or possession of the bonds in question. It, therefore, becomes necessary to refer briefly to the additional allegations contained in the complaint.

It substantially alleges in addition to what has been recited, that the plaintiff, at the request of the defendant, removed the bonds from the Safe Deposit Company, where the securities of the estate were deposited for safe-keeping, and also at defendant's request left them at the Shoe and Leather Bank in New York as security for loans made, and to be made of said bank, by the firm of Porter & Wetmore, to carry on the partnership business, and that the bonds were ordered by defendant on or about the 11th day of April, 1881, to be sold by the Shoe and Leather Bank, and the proceeds applied to pay a firm note of the amount of $10,000, then held by the bank. It was also alleged that Porter was then owing the plaintiff a large sum of money in respect to the firm business, and had sufficient money belonging to the firm to more than pay the amount of the note, at the time of the sale of the bonds.

Upon this state of facts the court below has held upon the strength of the maxim " *Ex turpi causa non oritur actio*," that inasmuch as Abram B. Wetmore in his individual capacity was in collusion with the defendant in despoiling this estate, that he could not in his representative capacity re-claim these bonds from one who had wrongfully come into their possession, and restore them to the trust estate. The court further said that " the remedy of the *cestui que trust* is to have another trustee appointed who shall bring the proper action." In this, we think, it proceeded upon a mistaken view of the rights and duties of the parties. The legal title to these bonds, and the right to their custody, was and remains in the trustee, at least until they reach the possession of some person who has paid full value, and is ignorant of their trust character. Whoever receives property knowing that it is the subject of a trust, and has been transferred in violation of the duty or power of the trustee, takes it subject to the right, not only of the *cestui que trust*, but also of the trustee to reclaim possession of the speci-

fic property, or to recover damages for its conversion in case it has been converted. (*Briggs* v. *Davis*, 20 N. Y. 15.)

In the case of the *Western R. R. Co.* v. *Nolan* (48 N. Y. 517), this court say : " The trustees are the parties in whom the fund is vested, and whose duty it is to maintain and defend it against wrongful attacks or injury tending to impair its safety or amount. The title to the fund being in them, neither the *cestui que trust*, nor the beneficiaries can maintain an action in relation to it as against third parties, except in case the trustees refuse to perform their duty in that respect, and then the trustees should be brought before the court as parties defendant."

It is an alarming proposition to urge against the legal title which a trustee has to trust funds that his recovery of their possession may be defeated by a wrong-doer, upon the allegation that the lawful guardian of the funds colluded with him in obtaining their possession. This action is sought to be maintained by the plaintiff solely in his representative capacity as executor or trustee under the will of Alpheus Fobes.

The contracts and engagements entered into by him in his individual capacity are extraneous to the power conferred upon him by the will of Alpheus Fobes, and cannot be made the foundation of a defense to such an action. The dual character maintained by an individual who is also engaged in the administration of a trust involving the control and custody of another's property is not only recognized by numerous decisions in the courts, but has also been the subject of frequent statutory enactments.

Thus it has been held that a contract made by executors in form as such, even when made for the benefit of the estate which they represent, does not bind such estate or create a charge upon the assets in the hands of the executors. (*Austin* v. *Munro*, 47 N. Y. 360 ; *Ferrin* v. *Myrick*, 41 id. 315.) Neither can they be charged in the same action upon liabilities existing against the testator during his life-time and those arising against the executors with respect to the estate after the

testator's death.   (*Reynolds* v. *Reynolds*, 3 Wend. 244; *Demott* v. *Field*, 7 Cow. 58.)

A complaint in an action by an administrator as such which does not show a cause of action existing in favor of his intestate against the defendant is bad. (*Christopher* v. *Stockholm*, 5 Wend. 36.) Where a plaintiff sued upon a note given to himself as executor of the estate of John Sampson, it was held that the defendants could not set off a cross demand accruing to them against the testator. (*Merritt* v. *Seaman*, 6 N. Y. 168.)

The distinction between the rights which belong to individuals as such and those accruing to or against them in their representative capacity are recognized and regulated by the Code of Civil Procedure, sections 449, 502, 505, 506.

Section 1814 provides that "actions or special proceedings hereafter commenced by an executor or administrator upon a cause of action belonging to him in his representative capacity, or an action or special proceeding hereafter commenced against him, except when it is brought to charge him personally, must be brought by or against him in his representative capacity." Any conveyance by a trustee of real estate in violation of the terms of the trust expressed in the instrument creating it is declared by statute to be absolutely void. (3 R. S. [7th ed.], § 665, p. 2183.)

An executor or administrator being powerless to bind or charge the estate which he represents by his express contract, it is difficult to see how any right as against such estate can grow out of what is known to be an unauthorized exercise of power by such representative in favor of a wrong-doer.

Upon the facts shown in this case the bonds in question are subject to the conditions imposed by the creator of the trust, and the trustee is still the legal owner of the trust fund and responsible for the due execution of such trust.

Lewin on Trusts, page 279, lays down the rule as follows : " It is a universal rule as trusts are now regulated that all persons who take through or under the trustee shall be liable to the execution of the trust," " so all assigns of the trustee by

acts *inter vivos* (except purchasers for valuable consideration without notice)' will be bound by the trust." It is not easy to see how a right can accrue to a person through a conveyance from one who is known to be incapable of conveying. It has been held that a conveyance of real property which does not transfer the right of property will not bar an action to recover such property by the party in whom the legal title is vested. ( *Wolcot* v. *Knight*, 6 Mass. 418 ; *Williams* v. *Jackson*, 5 Johns. 493.)

Under the English Bankruptcy Acts by which property in the possession of the bankrupt passed to the assignees in bankruptcy, it was held that the assignees were not entitled to retain property held in trust by the bankrupt, and that an action to recover upon a chose in action held in such character by the bankrupt should be brought in his own name, because he had the legal title. (Lewin on Trusts, 275 ; *Winch* v. *Keeley*, 1 T. R. 619 ; *Carpenter* v. *Marnell*, 3 B. & P. 40.)

In the case of *Dillaye* v. *Greenough* (45 N. Y. 438), the trustee and *cestui que trust* were plaintiffs in an action to recover possession of real estate which it was claimed they had joined in conveying in violation of a trust. The case, however, went off upon the ground that the alleged trust had never been legally created, but it was not questioned that if the lands had been conveyed in violation of the terms of a valid trust, of which the defendant had either actual or constructive notice, the plaintiff could have recovered.

This court has recently held in the case of *Fellows* v. *Longyor* (Febr'y 9, 1883)* that a mortgage taken by a guardian of infants upon a loan of money belonging to his wards was not vitiated for usury although such guardian exacted a *bonus* from the borrower as the condition of such loan.

It would seem to follow as a legitimate deduction from that case that a person could neither acquire title nor the right of possession to trust property which to his knowledge had been transferred in violation of the terms of the trust.

---

* 91 N. Y. 324.

The twin maxims " *Ex dolo malo non oritur actio* " and " *Ex turpi contractu actio non oritur* " have no application to the cause of action set up in the complaint. It is not founded upon and does not grow out of the illegal or unauthorized dealings between the plaintiff and defendant, but such dealings are invoked by one of the wrong-doers to defeat a party who is asserting a legal right and who in this action appears in a representative character alone. We see no reason why a trustee who has been guilty even of an intentional fault is not entitled to his *locus penitentiæ* and an opportunity to repair the wrong which he may have committed. The particular terms and conditions of this trust are not before the court, but from the description of its character gleaned from the statement in the complaint it is safe to say that it was not created for the benefit of the trustee or to enable him to invest the fund in his individual speculations. Indeed, to so hold would be an apparent violation of the order of the surrogate referred to in the complaint. The indiscreet claim of the counsel for the plaintiff that it does not appear but that the trustee had the right to use the funds in question in the manner in which they were used should not be allowed to defeat a meritorious action. It certainly should not control this court in determining the law in this case.

The judgment should be reversed and judgment ordered for the plaintiff upon the demurrer, unless the defendant within thirty days pay plaintiff's costs and answers in the action.

All concur.·

Judgment accordingly.