Horne vs. The Guiser Manufacturing Company.

HORNE *vs.* THE GUISER MANUFACTURING COMPANY.

1. Where a motion is made for a new trial, and the decision thereon is excepted to, it is not competent for plaintiff in error to except to decisions made on the trial, not excepted to at the time, and not embraced in the motion.

2. Whether there was error in admitting the notes for the purchase money of the property sued for in this case, it is unnecessary to decide, as it was proved by testimony, to which no objection was made, that the price of the property was $250, and only $30 of the amount was paid, and that, leaving out altogether the last payment, which seems not to have been due at the commencement of

the suit, the verdict finding the value of the property was right, especially if interest on the installments due was added.

3. Where personalty was sold, and the vendor retained the title until it was paid for, the amount of purchase money due, with interest, is the measure of damages recoverable in trover.

4. While the verdict is somewhat confused, by a reasonable intendment it appears that the jury found the value of the property sued for, and that it might be discharged by the return of the property, although it was not so directly expressed.

5. Parol evidence of the pendency of an attachment for purchase money was inadmissible.

February 24, 1885.

Practice in Supreme Court. Evidence. Damages. Trover. Verdict. Before Judge SIMMONS. Crawford Superior Court. September Term, 1884.

Reported in the decision.

L. D. MOORE; J. L. HARDEMAN; R. D. SMITH, for plaintiff in error.

No appearance for defendant.

HALL, Justice.

In this action for the recovery of personal property, the jury returned a verdict in favor of the plaintiff for one hundred and forty-five dollars, as the value of the property sued for, with fifty dollars hire therefor. The defendant had purchased the machine in question, and had agreed that the plaintiff should retain the title thereto until it was paid for. He gave three promissory notes for $83.33 each, due respectively 1st November, 1882, 1st July, 1883, and 1st November, 1883. After two of these notes were due, and a short time before the last would have fallen due, this suit was commenced. A motion for a new trial was made.

(1.) Because the court erred in admitting in evidence, the notes given for the purchase of the machine, without proof of the execution of the same by the subscribing

witness thereto " or otherwise," the defendant having objected to their introduction upon the ground, "that it was not shown that the value of the property exceeded the value of the said three notes."

(2.) There was error in disallowing parol proof of the pendency of an attachment for the purchase money of the machine at the commencement of this suit, the plaintiff not objecting to the offer.

The two other grounds of the motion were that the verdict was contrary to law and evidence, decidedly against the weight of evidence and without evidence to support it. This motion was disallowed by the court, and the defendant excepted. The bill of exceptions recites the fact that the plaintiff elected to take a money verdict, and that the verdict as originally returned was for the amount above stated, " with interest;" that the judge directed the jury to strike the interest therefrom, to which the defendant excepted. This is not one of the grounds, however, in the motion for a new trial, and cannot therefore be now considered by this court. 9 *Ga.*, 9, 12, 13. We respectfully call the attention of our brethren of the circuit court to this rule, and suggest that they enforce its observance in bills of exceptions which they hereafter certify.

Whether there was error in admitting the notes for the purchase money in evidence, and overruling the defendant's objection to the same, it is not material to inquire, since it was proved on the trial by testimony, to which it does not seem any objection was made, that the price of the machine was two hundred and fifty dollars; that only thirty dollars of the amount was paid, and that, leaving out altogether the last payment, which seems not to have been due at the commencement of the suit, the verdict finding the value of the property was right, especially if interest on the installments due was added. 59 *Ga.*, 395. The amount of hire was sworn to by the defendant himself. The entire amount of the verdict was one hundred and ninety-five dollars, when the undisputed evidence shows

that, at the time of the trial, the amount of purchase money due was $220, besides interest, and in such a contract as gave rise to this suit, that has been held to be the correct measure of damages.   61  *Ga.*, 147.

It is true that the verdict is somewhat informal, but we are satisfied that it was the intention of the jury to find for the plaintiff the value of the property sued for, and that it might be discharged by the return of the property, though that was not expressed; this, at least, is a reasonable intendment, and verdicts must be so construed as not to be avoided except from necessity.   Code, §3561.   Where substantial justice was done, and the verdict was for about the right amount, and the objection turned upon a purely technical idea, this court allowed it to stand.   54  *Ga.*, 459.

The court was right in rejecting verbal evidence of the pendency of an attachment for the purchase money of the property in question at the commencement of this suit.

Judgment affirmed.