LOUISE ZIMMERMAN, et al., as Executors, etc., Respondents, *v.* GEORGE KINKLE, Impleaded, etc., Appellant.

In an action by executors, as such, the complaint alleged in substance, that upon settlement with the surviving partners of the affairs of a copartnership, of which their testator was a member at the time of his death, the survivors exacted from plaintiffs, and they with defendant K. as surety, executed to them a bond, conditioned that the obligors would "keep inviolate all the business transactions and dealings of the late copartnership;" that K., with knowledge of the circumstances, demanded and received from plaintiffs, as such executors and trustees, $5,000 of the trust moneys in their hands, to be repaid with interest when his obligation upon the bond ceased, that said bond "was given for no consideration, but was wrongfully extorted from the plaintiffs and was signed, executed and delivered for an illegal and immoral purpose against public policy," etc. The relief demanded was a cancellation of the bond and a restoration of the $5,000. On demurrer by K. to the complaint *held,* that, as against him it stated a good cause of action; that K. having received from plaintiffs trust money which they had no power to part with, except for the purpose for which they received it, they had the right and it was their duty to recover it back; that if the statement that the bond was "wrongfully extorted" was not sufficiently definite, defendants' remedy was by motion; that as against a demurrer it was sufficient; also, that, the complaint did not improperly unite two causes of action.

Whoever receives property knowing it to be the subject of a trust and to have been transferred by the trustee in violation of his duty or power, takes it subject to the right, not only of the *cestui que* trust, but of the trustee to reclaim possession.

In an action by the trustee for that purpose it is not necessary to bring the plaintiff before the court in his individual character.

(Argued January 17, 1888; decided February 7, 1888.)

APPEAL from a final judgment of the General Term of the Supreme Court, in the first judicial department, in favor of the plaintiffs, entered upon an order made February 16, 1887,

which reversed an order of the Special Term, sustaining a demurrer by defendant Kinkle to the complaint, and over-ruled said demurrer.

This action was in equity, for the cancellation of a bond and the restoration of $5,000 belonging to the estate repre-sented by the plaintiffs as executors, and which money they had placed in the hands of Kinkle, one of the defendants, to indemnify him against liability as surety upon the bond.

The complaint alleged in substance that the testator, William Zimmerman, in his lifetime, Emil Dieckerhoff, Louis Raffloer and Adolph Erbsloeh were co-partners in business, and that after the death of Zimmerman a settlement of accounts relating to firm transactions, was had between the plaintiffs on one side and the defendants Emil, Louis and Adolph on the other, in which the latter wrongfully exacted of the plaintiffs, and they, with the defendant George Kinkle, executed a bond in the penal sum of $5,000 to the said Emil, Louis and Adolph, upon condition that if the obligors should "keep inviolate and confidential all the business transactions and dealings of the late co-partnership firm of Dieckerhoff, Raff-loer & Co., and of Caron & Co., the predecessors of said first named firm, which may ever at any time, in any wise have come, or which may hereafter come to their knowledge, and shall also preserve and keep inviolate and confidential the con-tents of correspondence and other writing relating thereto, and shall not disclose or divulge the same, then the obligation to be void, otherwise to remain in full force and virtue;" that Kinkle signed as surety and, as such, demanded and received from the plaintiffs the sum of $5,000, to be repaid with interest so soon as his obligation upon the bond ceased; that the bond " was given for no consideration, but was wrong fully extorted from the plaintiffs and was signed, executed and delivered for an illegal and immoral purpose, against public policy and for the purpose of interfering with the administra-tion of public justice, and to suppress evidence of illegal, wrongful and unlawful acts on the part of the obligees therein named, all of which said defendant, George Kinkle, well

knew;" that the money so demanded by Kinkle was trust-money and was "received by him from the plaintiffs as the executors and trustees of William Zimmerman, deceased."

The demurrer stated several grounds :

I. That the complaint does not state facts sufficient·to constitute a cause of action against him.

II. The two causes of action have been improperly united.

(*a.*) That the causes of action against the defendants Dieckerhoff, Raffloer and Erbsloeh sound in tort.

(*b.*) That the cause of action against the defendant Kinkle is *ex-contractu.*

(*c.*) That the cause of action against the defendants Dieckerhoff, Raffloer and Erbsloeh does not affect the defendant Kinkle.

(*d.*) That the cause of action against the defendant Kinkle does not affect the defendants Dieckerhoff, Raffloer and Erbsloeh.

(*e.*) That both causes of action are inconsistent with each other.

The Special Term sustained the demurrer upon the grounds (1) that the consideration of the bond was illegal and criminal, and so neither party could have relief; (2) that although an action might lie against Kinkle to recover the money received by him, with knowledge that it belonged to the estate, it could not be joined with an action against the obligees of the bond. The General Term reversed the order of the Specia Term, with leave to answer over. The defendant did not accept that permission, and upon proof thereof final judgment was entered.

*A. Simis, Jr.,* for appellant. The complaint shows upon its face the execution of an illegal ·contract, and a demurrer will lie. (Moak's Van Santvoord's Pleading, 349.) When the parties to a contract are *particeps criminis* and *in pari delicto* whatever they have fraudulently or illegally contracted to execute the law refuses to compel the contractor to execute or pay damages for not executing, but in both cases leaves the

parties where it finds them. (*Nellis* v. *Clark*, 4 Hill 429; *Knowlton* v. *Congress Spring Co.*, 57 N. Y. 537; *Saratoga Co. Bank* v. *King*, 44 id. 87; *Haynes* v. *Rudd*, 102 id. 372; 83 id. 253; *Talmadge* v. *Pell*, 3 Seld. 328; *Leavitt* v. *Palmer*, 3 N. Y. 19.) .The cause of action against Kinkle is *ex contractu* and against the other defendants *ex delicto*, the two are not consistent. (*Nichols* v. *Drew*, 94 N. Y. 25; *Teal* v. *Syracuse*, 32 Hun 332.) If both causes of action are *ex contractu*, the demurrer is nevertheless well taken, because such causes of action which do not affect all the parties cannot be joined. (*Nichols* v. *Drew*, 94 N. Y. 26; *Gardner* v. *Ogden*, 22 id. 340.)

*Hector M. Hitchings* for respondents. The defendant Kinkle by demurring, admits all the allegations of the complaint and these allegations will be liberally construed in support of the pleading demurred to. (*Olcott* v. *Carrol*, 39 N. Y. 436.) Even if the bond sought to be set aside was illegal in its inception, that does not prevent plaintiffs obtaining the relief asked for. (Story's Eq. Jur. [13th ed.], § 298; *Tantum* v. *Arnold*, 4 Cent. Rep. 421; *President Union Bridge Company* v. *Troy & L. R. R. Co.*, 7 Lans. 240, 246; *Osborne* v. *Williams*, 18 Vesey, 377; *Leavitt* v. *Palmer*, 3 Comst. 19; *Morris* v. *McCullough*, 1 Ambler, 432; *St. John* v. *St. John*, 11 Vesey, 534; Newland on Contracts [pub. 1808] 469.) In this case the plaintiffs are in no sense *in pari delicto*, but are at most *in delicto*. To such the rule *in pari delicto portior est conditio defendendis*, does not apply. (*Schermerhorn* v. *Talman*, 14 N. Y. 93, 123; *Morgan* v. *Graff*, 4 Barb. 527; *Pepper* v. *Height*, 20 Barb. 438; *Curtis* v. *Leavitt*, 15 N. Y. 12; Story's Eq. Jur. § 300; 2 Parsons on Contracts [6th ed.] 746; *Bayley* v. *Williams*, 4 Giff. 638; Chitty on Cont. [10th Am. ed.] 732, *notes*.) That maxim does not apply to cases where the money or property held as security for or devoted to the performance of the contract, is in the hands of a third party intervening between the parties to the illegal contract, or where the contract is executory and not executed. (*Morgan*

v. *Groff*, 4 Barb. 527; *Pepper* v. *Height*, 20 id. 438; *Merritt* v. *Millard*, 4 Keyes, 208, 213; *Vischer* v. *Yates*, 11 Johns. 29, 30; 12 id. 1; Story Eq., § 298; 2 Comyn. on Cont. 708; Newland on Cont., chap. 33, pp. 483, 492; 2 Parsons on Cont. 746; Chitty on Cont. [10th Am. ed.] 708.) As long as a wager remains in the hands of a third person, contingent upon an event that has not yet happened, it may be recovered back. (*Vischer* v. *Yates*, 12 Johns. 1.) A bond, legal upon its face, but void from some defect or wrong, will be canceled by this court and ordered to be delivered up. (*Town of Springport* v. *Teutonia Sav. Bank*, 75 N. Y. 397; *Hamilton* v. *Cummings*, 1 John. Ch. R. 517; *Pettit* v. *Shepherd*, 5 Paige, 510; *Tantum* v. *Arnold*, 4 Cent. Rep. 421; *Noah* v. *Webb*, 1 Ed. Ch. 608.) The demurrer does not raise the question of defect of parties, either plaintiff or defendant. That being a special ground of demurrer, the question is not before the court. (Code, § 488, sub. 6; *Fulton Fire Ins. Co.* v. *Baldwin*, 37 N. Y. 648; *Reeder* v. *Sayre*, 70 id., 180, 190.) There is no misjoinder of causes of action in the complaint. (*Lattin* v. *McCarthy*, 41 N. Y. 111; *Bidwell* v. *Astor Mut. Ins. Co.*, 16 id., 263; *N. Y. Ice Co.* v. *N. W. Ins. Co.*, 23 id. 357; Code, § 447; *Taylor* v. *Taylor*, 43 N. Y. 483, 484; *German Sav. Bank* v. *Sharer*, 25 Hun, 409–411; *Weller* v. *Yates*, 44 N. Y., 531; Story's Eq. Jur., §§ 796, 797; *Fellows* v. *Fellows*, 4 Cowen, 682; *Boyd* v. *Hoyt*, 5 Paige, 65–78; Addison on Torts, 1.) If two causes of action arise out of the same subject of action, and affect all the parties to the action and are not inconsistent, they may be united in one complaint. (Code Civ. Pro., § 484, subd. 6.) They need not affect all the parties equally. (*Vermeele* v. *Peck*, 15 Hun, 333; *Bradner* v. *Holland*, 33 id. 191.) The causes of action stated are entirely consistent with each other, as equity and common law relief may be had in the same action when tried in equity. (*Carpenter* v. *Osborn*, 102 N. Y. 552, 561; *Weller* v. *Yates*, 44 id. 531; *Bidwell* v. *Astor Mutual Ins. Co.*, 16 id. 263.)

DANFORTH, J. There is nothing upon the face of the bond to impeach its validity, and whatever might be the real transaction between the parties it is to be made out by allegations and evidence. The terms of the complaint show clearly enough that the bond is founded on a consideration condemned both by morals and public policy, and, therefore, the defendant claims that a party to it cannot be relieved, but must be left to the consequences of the forbidden transaction. How this might be if the action were by the plaintiffs in their individual capacity, it is not necessary to inquire. They come into court as executors of a deceased person and in a representative character. If *in delicto* at all, they are not *in pari delicto*, and the enforcement of the rule would secure to the defendant the enjoyment of money which never belonged to his principals, and which did belong to the estate in the honest management of which the plaintiffs also owed a duty to the testator's beneficiaries. Nor should the defendant be heard to complain of this. He admits by his demurrer that the money was trust money and that he received it from the plaintiffs as executors and trustees. They had no power to part with it for the purpose for which he received it, and in seeking to recover it back they are merely performing a duty in the execution of which a court of equity may properly assist. The principle which justifies this conclusion, was applied in the recent case of *Wetmore* v. *Porter* (92 N. Y. 76), where it was held, that whoever receives property knowing it to be the subject of a trust and to have been transferred by the trustee in violation of his duty or power, takes it subject to the right, not only of the *cestui que trust*, but also of the trustee to reclaim possession or recover for its conversion. That case also holds that in such an action it is not necessary to bring the plaintiffs before the court in their individual character, and this answers the objection that the omission to do so in this action makes a defect of parties. In another aspect also the complaint is sufficient. It charges that the bond "was given for no consideration, but was extorted from the plaintiffs," and that these circumstances were also

known to the defendant.   The defendant argues that the aver-
ment as to the bond being wrongfully extorted from the plaint-
iffs, is a mere conclusion, and that no facts are stated.   Against
a demurrer the general statement is sufficient.   It defines an
unlawful method or process by which an object is accomplished
or end attained, and if not sufficiently definite or conclusive,
the defendant's remedy was by motion.   (*Marie* v. *Garrison*,
83 N. Y., 14.)

Nor does the complaint improperly join two causes of action.
It narrates a single transaction in which all parties were con-
cerned, and while more than one cause may appear entitling
the plaintiffs to the relief sought, they only represent acts by
the commission of which the right to relief is made out.   That
some might have been omitted and a cause of action remain,
should not prejudice the plaintiffs.   The object of the suit is
single — to have the money restored to the fund from which
it was taken.   The right to that relief would follow from the
cancellation of the bond, but the presence of Kinkle as well
as that of the obligees was necessary to prevent further litigation
and have the various interests of the parties determined in one
action.   This was the conclusion of the General Term.

The judgment appealed from should, therefore, be affirmed.

All concur.

Judgment affirmed.