(23 Misc. Rep. 242.)

LAWYERS' SURETY CO. OF NEW YORK v. REINACH.

(City Court of New York, General Term. March 28, 1898.)

1. ACTION BY ADMINISTRATOR—DEFENSES.

It is no defense to an action brought by an executor or administrator, as such, to recover assets of the estate in the hands of the defendant, or for the conversion thereof, that plaintiff has in his individual capacity been guilty of wrongdoing.

2. SAME—ASSIGNMENT OF CAUSE OF ACTION.

The same principle applies in favor of an assignee of such a cause of action.

3. SAME—RECOVERY OF ASSETS.

A decree was entered in the surrogate's court directing an administratrix to pay the balance of assets in her hands to defendant, as the assignee of two persons then supposed to be the intestate's only next of kin. After payment had been made accordingly, the decree was opened by proceedings to which defendant was a party, and a new decree entered reducing the amount payable to defendant. The administratrix, as such, assigned to plaintiff her cause of action to recover back the excess payment. Held, that such excess constituted an asset of the estate, so as to cut off defenses based on the alleged wrongdoing of the administratrix as an individual.

Appeal from trial term.

Action by the Lawyers' Surety Company of New York against Max Reinach. From a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and O'DWYER and OLCOTT, JJ.

Edward W. S. Johnston, for appellant.
Marshall S. Marden, for respondent.

O'DWYER, J.    The complaint alleges that on or about the 25th day of November, 1896, in a certain proceeding in the surrogate's court of the county of Kings, entitled "In the Matter of the Judicial Settlement of the Account of Ann Murphy, as Administratrix of the Goods, Chattels, and Credits of Patrick Murphy, Deceased," a decree was duly made and entered, judicially settling the accounts of Ann Murphy as such administratrix, and ordering, adjudging, and decreeing that she pay sums amounting to $753.40 to Max Reinach, as assignee of the shares or interests of Edward Murphy and Elizabeth Aaron, son and daughter, respectively, of Patrick Murphy, the said deceased, as and for the shares to which they were entitled as the only next of kin of said Patrick Murphy, deceased.    That defendant was a party to said accounting, and had due notice of the steps taken therein, and the entering of the aforesaid decree.    That thereafter, and on or about November 25, 1896, said Ann Murphy, pursuant to the aforesaid decree, paid the aforesaid sums, amounting to $753.40, to the said Max Reinach, as assignee of the shares or interests of the said Edward Murphy and Elizabeth Aaron.    That thereafter, and on or about the 5th day of January, 1897, the decree so entered on the 25th day of November, 1896, was duly reopened by the said surrogate of Kings county.    That the defendant was a party to the application to open said decree, and had due notice thereof, and was represented by counsel on all proceedings thereon and the entry of said order.    That thereafter, and on or about the 15th day of April, 1897, in the surrogate's court of the county of Kings, in the said proceedings entitled "In the Matter of the Judicial Settlement of the Account of Ann Murphy, as Administratrix of the Goods, Chattels, and Credits of Patrick Murphy, Deceased," a new decree was duly made and entered, modifying and amending the said decree of November 25, 1896, by striking therefrom and vacating the order, judgment, and decree therein contained that Ann Murphy pay to Max Reinach, as assignee of Edward Murphy and Elizabeth Aaron, sums amounting to $753.40, and substituting in place thereof that the said administratrix, Ann Murphy, pay to said Max Reinach, as such assignee of Edward Murphy and Elizabeth Aaron, the shares to which they would be entitled, amounting only to the sum of $350.14.    That said defendant was a party to the application for said new decree of April 15, 1897, and had due notice thereof, and was duly represented by counsel thereon, and on the making and entry of the decree.    That the amount of $753.40 paid by said Ann Murphy to Max Reinach, as alleged in paragraph 4, was $413.25 in excess of the amount to which he was entitled, as determined by said decree of April 15, 1897, and that said defendant was overpaid the said sum of $413.25 which he held to the use of the said Ann Murphy, as administratrix, as aforesaid.    That thereafter, and on or about the 24th day of April, 1897, the said Ann Murphy, as administratrix as aforesaid, by an assignment in writing, duly executed under seal, duly assigned, transferred, and set over unto this plaintiff all her right, title, and interest in and to all rights which she had or

possessed under said decrees, and each of them, against this de-
fendant, for the recovery of the money so overpaid to him, and all
claim and all demand of every nature which she had against the said
defendant by reason of such overpayment.    That payment of the said
sum of $413.25 was duly demanded of the defendant by the plaintiff
on the 8th day of May, 1897.    That said defendant has failed, neg-
lected, and refused to pay the said sum, and that the whole amount
is still due and owing to this plaintiff.    None of these allegations are
denied, except that appellant denies he was overpaid, and that he holds
the money so overpaid to the use of said administratrix or otherwise,
and that there is anything owing.    The answer then sets up, for a
further, separate, and distinct defense to the complaint, "that prior to
the 25th day of November, 1896, Edward Murphy and Elizabeth
Aaron requested this defendant to purchase from them their interest
in the estate of Patrick Murphy, deceased, and stated and represented
to this defendant, as an inducement to purchase the same, that they,
the said Edward Murphy and Elizabeth Aaron, were the only heirs at
law and next of kin of the said decedent, Patrick Murphy.    That
thereupon, and before this defendant purchased such shares or inter-
ests, he, this defendant, inquired of Ann Murphy whether the afore-
said statements and representations were true and correct, and that
the said Ann Murphy then and there stated and represented to this
defendant, in order to induce this defendant to purchase such shares,
that the said Edward Murphy and Elizabeth Aaron were the only heirs
at law and next of kin of the said decedent, Patrick Murphy.    That
this defendant, believing such representations and statements so made
to be true, and being induced thereby and relying thereupon, did, in
good faith and without any knowledge of the falsity of such alleged
statements and representations, purchase from the said Edward Mur-
phy and Elizabeth Aaron their interest in such estate, believing at
the time that Edward Murphy and Elizabeth Aaron were the only
heirs at law and next of kin of the said Patrick Murphy, deceased.
Upon information and belief that such statements were false and
untrue, and that the said Edward Murphy, Elizabeth Aaron, and Ann
Murphy knew or should have known, and each of them knew or should
have known, that such statements and representations were false and
untrue when made as aforesaid.    That this defendant received all
moneys named in the complaint as assignee of the said Edward
Murphy and Elizabeth Aaron, and not otherwise; and upon informa-
tion and belief that no action at law or otherwise has been brought by
the said Ann Murphy, individually, or as administratrix, or by the
plaintiff against the said Edward Murphy and Elizabeth Aaron, or
either of them."

The defendant claims that this cause of action is the personal claim
of the administratrix, and that this action is the personal action of
Ann Murphy; that although she paid the money out as administratrix,
which is admitted, yet she must sue in her own right to recover it.
There is no proof whatever that Ann Murphy knew at the time it is
alleged she made the representations that they were false.

The assignment of Edward Murphy to the defendant is dated April
20, 1896.    The assignment of Elizabeth Aaron to the defendant is

dated November 20, 1895. The first decree was entered November 25, 1896. The second decree was entered April 15, 1897.

It is no defense to an action brought by an executor or administrator, as such, to recover assets of the estate in the hands of defendant, or for the conversion thereof, that plaintiff has in his individual capacity been guilty of wrongdoing. The maxim, "Ex turpi causa non oritur actio," does not apply. Wetmore v. Porter, 92 N. Y. 76–82; Fellows v. Longyor, 91 N. Y. 324–331; Deobold v. Oppermann, 111 N. Y. 531–539, 19 N. E. 94; Hood v. Hayward, 124 N. Y. 1–24, 26 N. E. 331; Boyle v. St. John, 28 Hun, 454, 455; Place v. Hayward, 117 N. Y. 487–492, 23 N. E. 25; Colt v. Lasnier, 9 Cow. 320, 321. It is difficult to understand how an executor or administrator could bind the assets of his testator or intestate by an estoppel, when he could not by the most solemn contract known to the law. Austin v. Munro, 47 N. Y. 360; Rathbone v. Hooney, 58 N. Y. 463–467.

Bigelow, Estop. (5th Ed.), at page 598, says:

"The misrepresentations of a trustee in respect of the trust, to one having notice that it is such, will not work an estoppel upon an innocent cestui que trust. There is no case, it has recently been declared from the bench, in which a trustee, having made a fraudulent representation by which he was bound, or even a fraudulent conveyance after his legal title was confirmed, he still being a trustee only, has thereby deprived of their property the person beneficially entitled to the estate."

See, also, Sellars v. Cheney, 70 Ga. 790–793.

And when a cause of action accrues to one who is an executor or administrator in a matter affecting the estate, after the death of his testator or intestate, the executor or administrator may, when the recovery will be assets, sue in his representative character or in his own name, at his option. 7 Am. & Eng. Enc. Law, 362; 2 Williams, Ex'n (7th Am. Ed.) 77–81; Bingham v. Bank, 41 Hun, 377, 378, approved Buckland v. Gallup, 105 N. Y. 453–457, 11 N. E. 843; Sperb v. McCoun, 110 N. Y. 605–610, 18 N. E. 441; Schouler, Ex'rs, 292; Zimmerman v. Kinkle, 108 N. Y. 282, 287, 15 N. E. 407; Kane v. Paul, 14 Pet. 33; Hood v. Hayward, 124 N. Y. 1–24, 26 N. E. 331; Colt v. Lasnier, 9 Cow. 320; Wetmore v. Porter, 92 N. Y. 76–82.

In the case at bar the question is presented whether the recovery sought here is assets of the estate, and that question must be determined. It appears that a decree was entered adjudging that Ann Murphy, as administratrix, had in her hands $750.13, to which the next of kin, as it was then supposed, of Patrick Murphy, to wit, Elizabeth Aaron and Edward Murphy, were entitled. As Max Reinach, the defendant, had purchased these shares, the decree directed Ann Murphy, as administratrix, to pay the defendant out of the estate of Patrick Murphy in her hands $750.13, which she did. In a subsequent proceeding, that decree was modified, and the decree to pay Max Reinach $750.13 was vacated, and she, as administratrix, was directed to pay to Max Reinach only $350.14. Max Reinach was a party to those proceedings. Here was an adjudication that the defendant held $413.40 of the assets of the estate of Patrick Murphy, to which he was not entitled. This is not an action based upon a contract of the administratrix. The payment made under the decree of November 25,

1896, was not a voluntary payment. It might have been enforced by contempt proceedings. The element of assent which is necessary to every valid contract is wanting. It has been held that an administrator making a payment under a mistake of fact may recover it back in that capacity. Clark v. Houghham, 2 Barn. & C. 149–153, approved Bogert v. Hertell, 4 Hill, 508. The plaintiff occupies the same position that Ann Murphy, as administratrix, occupied, and the objection that it was outside the lawful powers of the administratrix to assign a claim due the estate was not well taken. Rogers v. Squires, 98 N. Y. 53–56. Code Civ. Proc. § 502, subd. 3; People v. Anthony, 7 App. Div. 132, 135, 136, 40 N. Y. Supp. 279. By the assignment, Ann Murphy transferred to the plaintiff all claims or causes of action which she had against said Max Reinach by reason of his having received any part of the estate of Patrick Murphy, it being the intention of this instrument to subrogate the Lawyers' Surety Company of New York to all the right, title, and interest of Ann Murphy, as administratrix of Patrick Murphy, deceased. The judgment should be affirmed, with costs. All concur.