(50 Misc. Rep. 395.)

SMITH v. DAVID STEVENSON BREWING CO. et al.

(Supreme Court, Special Term, New York County. May, 1906.)

1. EXECUTORS—FRAUDULENT CONVEYANCE OF ASSETS—ACTION TO SET ASIDE.

An executor and testamentary trustee may sue in his representative capacity to set aside a conveyance made by him and his coexecutors and co-trustees as procured by fraud, though he was a party to the fraudulent transaction.

2 SAME—PARTIES.

Where an executor and testamentary trustee sues to set aside conveyance made by him as induced by fraud, he may also join himself as plaintiff in his individual capacity.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, § 1782.]

Action by James D. Smith against the David Stevenson Brewing Company and others. Demurrer to complaint overruled.

Gifford, Hobbs, Haskell & Beard, for plaintiff.

George F. Martens, for defendants Ward and others.

Appell & Taylor, for defendants Robertson and others.

Thos J. Carroll, for defendants David Stevenson Brewing Company and others.

BLANCHARD, J. This is an action brought by the plaintiff, individually and as executor and trustee under the will of David Stevenson, against the defendants, including one McClenahan individually and as coexecutor and co-trustee under said will, to set aside a conveyance made by said coexecutors and co-trustees to the defendant corporation, or, in the alternative, to decree that all of the stock of said corporation is the property of said coexecutors and co-trustees, and also to adjudge whether certain shares of said stock now held by the plaintiff, individually, are the individual property of the plaintiff or are rightfully the property of said coexecutors and co-trustees.

The defendant McClenahan and several of the other defendants have demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiff individually, or as executor and trustee, and also on the ground that the complaint improperly joins causes of action in favor of the plaintiff individually and as executor and trustee. The complaint states that, 15 months after the death of the testator, the defendant McClenahan fraudulently induced the plaintiff and the third coexecutor, now deceased, to convey to an irresponsible party named Robertson a brewery which composed part of the testator's estate; that said Robertson paid no cash consideration for the property, but gave a purchase-money mortgage on certain parts of the brewery property and immediately thereafter conveyed said brewery, without consideration, to the defendant company in order that said McClenahan "might acquire the ownership thereof through the ownership of the stock of said corporation, and pay the estate and heirs" by said mortgage, and pay said mortgage by the income from their own property; that said company did not assume said mortgage, but issued all of its capital stock, without consideration, to McClenahan and certain other defendants; that McClenahan controlled a majority of said stock and is president and treasurer of said company, and finally, that, until a recent date, the plaintiff was ignorant of these fraudulent acts of the defendant McClenahan. The facts above stated, as the defendant apparently conceded upon the argument, set forth sufficiently a cause of action.

It is contended, however, that since the plaintiff was a party to the conveyance now complained of as fraudulent, he has no standing in court. By the well-settled rule in New York, it is no defense to an action brought by an executor and trustee, as such, to recover assets of the estate in the possession of the defendant; that the plaintiff in his individual capacity acted in collusion with the defendant in despoiling the estate. Wetmore v. Porter, 92 N. Y. 76; Zimmerman v. Kinkle, 108 N. Y. 282, 15 N. E. 407. The defendants have attempted to distinguish the cases above cited on the ground that there the legal title to the assets of the estate was never taken from the estate, while here the legal title to the brewery has been conveyed to the defendant company. An examination of these cases shows, however, that they are similar to the present case. There, as here, such a transfer of title had been made as would have given a bona fide purchaser for value of the property legal title, free and clear of all equities in favor of the estate, but which transfer having, in fact, been made to one who is

not a bona fide purchaser for value, gave title to the latter, subject to equities in favor of the estate, which were enforcible by the executor or trustee. The plaintiff, as executor and trustee of the will of the testator, was, therefore, entitled to bring action in the present case. Being properly before the court in his representative capacity, by virtue of his prayer for the restoration of the assets of the estate, it seems that he may also join himself as plaintiff in his individual capacity, so far as is required by his prayer for the determination of his individual rights to the shares of the defendant's company. Accordingly the demurrers are overruled.

Demurrers overruled.