A. COSTNER ET AL. *v.* PIEDMONT COTTON MILLS COMPANY.

(Filed 3 May, 1911.)

1. Trusts and Trustees—Trust Funds—Wrongful Loan.
    A loan of a trust fund by a trustee to a business or manufacturing enterprise without order of court is wrongful.

2. Same—Action of Debt—In Pari Delicto.
    A trustee who has wrongfully loaned his trust funds may maintain his action to recover the same.

3. Same—Priorities—Borrower—Receivership—Rights of Creditors.
    A trustee who has loaned his trust funds to a manufacturing corporation, the funds being used by the latter to purchase raw

COSTNER *v.* COTTON MILLS CO.

material and in the payment of labor, can acquire no superiority of lien upon the assets of the corporation after insolvency or receivership.

4. **Trusts and Trustees—Trust Funds—Wrongful Loan—Subrogation.**
    The right of subrogation does not exist in behalf of a trust fund which has been wrongfully loaned by a trustee to a corporation afterwards becoming insolvent.

5. **Same—Bankruptcy—Rights of Creditors.**
    The *cestuis qui trustent* have their remedy against their trustee who has wrongfully loaned the trust funds, but neither they nor the trustee can recoup themselves for any loss at the expense of the other creditors of the borrower who has become insolvent and is in bankruptcy.

6. **Trusts and Trustees — Trust Funds — Wrongful Loan—Recoupment.**
    The *cestuis qui trustent* cannot follow funds wrongfully loaned by their trustee as against the rights of other creditors of the bankrupt borrower.

APPEAL by L. N. Rudisill and C. P. Anthony from *Long, J.,* at the September Term, 1910, of LINCOLN.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*A. L. Quickel for appellants.*
*W. C. Feimster for appellee.*

CLARK, C. J. The plaintiff Costner loaned a trust fund of $1,400, which he held as trustee in bankruptcy, to the defendant Cotton Mills Company, of which he was secretary and treasurer and one of the directors. The defendant company becoming insolvent, was placed in the hands of a receiver, and this is an appeal from the order of the judge allowing the motion made by Costner to have the aforesaid sum of $1,400 declared a first lien to be paid out of the first proceeds in the hands of a receiver.

The investment of the trust fund by Costner was without the order of any court and was wrongful. We cannot, however, assent to the proposition of the appellant that the plaintiff is entitled to recover nothing on account of said debt on the ground

that the parties are in *pari delicto.* The defendant company received and used the money, and it would be against good conscience to hold that it is not liable for the debt. It borrowed the money and used it. It does not lie in its mouth to say now that the plaintiff had no right to lend it. *Wetmore v. Porter,* 92 N. Y., 76; *Zimmerman v. Kinkle,* 108 N. Y., 287.

On the other hand we know of no principle upon which the plaintiff, who has made .a wrongful conversion of trust funds, is entitled to any priority in payment over other creditors of an insolvent debtor. This would be to reward him and save him harmless on account of his own wrongdoing. It is true that part of the money was used by the defendant company in the payment of employees, and a part in the purchase of coal which was sold by the receiver and part in the purchase of cotton, which had been spun up into yarn. The payment of the employees was made more than sixty days prior to the receivership, and even if there was right to subrogation there would be no priority as to that. But independent of that, the right of subrogation does not exist in behalf of a trust fund which has been wrongfully loaned by a trustee. It is simply a debt, which like any other debt must share in the distribution in its class, and the *cestuis qui trustent* must look to the trustee to recover any shortage in the fund, resulting from his wrongful act. Neither they nor the trustees can recoup themselves for any loss at the expense of the other creditors of the debtor. ·

The right of a *cestui qui trust* to follow the fund exists only against the trustee himself or a third party who has the fund in hand, or against the property bought therewith. This right does not exist as against the other creditors of one who has borrowed the money and spent it. The right of subrogation is to subject the indebtedness due the trustee by reason of such loan in priority to other creditors of the trustee, but not in priority to other creditors of the debtor to the trustee. Here there can be no subrogation for the further reason that Costner has paid his *cestuis qui trustent,* and he has no right of subrogation because of any application made by the borrower of the money borrowed. His rights certainly are no greater nor less than if he had loaned his own money.

The judgment must be set aside and the cause remanded to the end that the debt may receive its *pro rata* part in the distribution of the assets of the insolvent corporation in the debts of its class.

Reversed.