NELLIE E. BULLIS, as Administratrix of the Estate of ETHEL B. BULLIS, Deceased, Appellant, *v.* ROBERT I. BRUCE, Respondent.

Third Department, December 29, 1948.

*Orville R. Dunn* for appellant.

*Harry P. Kehoe* for respondent.

HILL, P. J. Plaintiff-appellant, her sister Ethel B. Bullis and the defendant-respondent, resided together. The sister owned an automobile which, upon her death, came into appellant's possession. Respondent, as the complaint alleges, through false and fraudulent representations, induced appellant to transfer the car to him prior to her appointment as administratrix. After her appointment, this action was brought for its recovery and it was replevied.

Some months after issue was joined and the car replevied, respondent moved " for judgment on the pleadings dismissing the complaint herein on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action ". The motion was granted awarding the automobile to respondent, together with $200 damages for the detention thereof, and costs. There was an ex parte hearing, plaintiff-appellant not being present or represented, at which witnesses were sworn as to the value of the automobile and respondent's

damages for retention. The decision and judgment determined that the complaint did not state a cause of action because the action was brought as administratrix, while the transfer was made in advance of the appointment.

The complaint contains the following allegations *inter alia:*

" That on or about July 29th, 1946 and on occasions prior thereto, defendant stated and represented to Nellie E. Bullis (later appointed Administratrix, as aforesaid), that he was a duly licensed motor vehicle operator; that to continue above decedent's said automobile in operation it would be necessary that her car license be transferred to him; that if this were done the real and actual title to, and ownership of, said automobile would at all times remain in the estate of said deceased; and that the defendant, whenever thereunto requested, would chauffeur the plaintiff about in same.

" That said Nellie E. Bullis relying implicitly upon the defendant's said statements, representations, promises and assurance, so made and given to her, was wrongfully and unlawfully induced by him to, and on or about July 29th, 1946, did, execute and deliver to defendant a transfer of said automobile and the decedent's license applicable to same.

" That said transfer was wholly without consideration, and was wrongfully and fraudulently obtained from said Nellie E. Bullis by the defendant."

Defendant's answer as amended contains only denials. The motion was made solely on the pleadings, no supporting affidavit being filed by the defendant, but the record on appeal contains an affidavit by Nellie E. Bullis asserting the truth of the statements contained in the complaint. The decision was on the law.

An administratrix, distributee or creditor may recover from a person having in his possession property which he knows belongs to an estate, and damages may be recovered for the retention thereof. (*Briggs* v. *Davis,* 20 N. Y. 15; *Wetmore* v. *Porter,* 92 N. Y. 76.) *Zimmerman* v. *Kinkle* (108 N. Y. 282, 287) cites with approval the *Wetmore* case (*supra*) saying, " whoever receives property knowing it to be the subject of a trust and to have been transferred by the trustee in violation of his duty or power, takes it subject to the right, not only of the *cestui que trust,* but also of the trustee to reclaim possession or recover for its conversion ", and determines that in such an action it is not necessary to bring the plaintiffs before the court in their individual character. Almost identical language is used in the opinions in *First Nat. Bank* v. *Nat. Broadway Bank* (156 N. Y. 459, 467, 468); *Warren* v. *Union Bank of*

*Rochester* (157 N. Y. 259); *New York City Employees' Retirement System* v. *Eliot* (267 N. Y. 193); *Bonham* v. *Coe* (276 N. Y. 540); *Noll* v. *Smith* (250 App. Div. 453); *Duport* v. *First Nat. Bank of Glens Falls* (262 App. Div. 267); *Matter of Lawyers Tit. & Guar. Co.* (270 App. Div. 294, 299). The judgment should be reversed on the law, with costs, and a new trial granted.

BREWSTER, J. (dissenting). I dissent and vote to affirm.

The *Wetmore* and *Zimmerman* cases (*Wetmore* v. *Porter,* 92 N. Y. 76; *Zimmerman* v. *Kinkle,* 108 N. Y. 282), are distinguishable from the present matter in that the causes of action in those cases were based upon transactions had or participated in by the plaintiffs while acting in the very representative capacities in which they sued. Here, the complaint shows that the transaction sought to be set aside was conducted by Nellie E. Bullis entirely and solely in her individual capacity — and before she possessed any other. The complaint shows no cause of action which existed in favor of plaintiff's intestate, and is, therefore, bad. (See *Wetmore* v. *Porter, supra,* p. 83.) If anyone was defrauded by defendant, for aught that is shown, it was the plaintiff individually. The cause of action set forth belongs only to her individually, it not appearing that at the time of the transfer the automobile was subject to any trust of which the defendant had notice. (*Wetmore* v. *Porter, supra,* p. 81.) The situation in the instant case is well within the rule as stated in *Ehrman* v. *Bassett* (159 App. Div. 752), and the several authorities there cited. (See, also, *Pardee* v. *Mutual Benefit Life Ins. Co.,* 238 App. Div. 294, 296.) Under that rule, even though plaintiff transferred the automobile in her representative capacity, she would still be relegated to an action in her individual capacity because she seeks to avoid only her own contract — not that of her intestate. A reversal here would seem to produce a singular result. The defendant attempted to defend upon the ground that the transfer between him and the plaintiff as an individual was fair and proper, but plaintiff as administratrix was successful in her motion in having that defense stricken. Thus it would seem that the reversal would in effect result in his not being able to make a valid defense even though he has one.

HEFFERNAN, RUSSELL and DEYO, JJ., concur with HILL, P. J.; BREWSTER, J., dissents in a memorandum.

Judgment reversed, on the law, with costs, and a new trial granted. [See *post,* p. 1076.]