Beady, J.
The learned justice in the court below was undoubtedly correct in the disposition he made of the demurrer.
*165 Tliis is an action in equity, and the Code of Civil Procedure, by sections 446, 447 and 452, substantially declares that all persons interested in the subject of the suit shall be made parties, either as plaintiffs or defendants, in order to prevent a multiplicity of suits and to secure a final determination of their rights. Section 447 provides that any person may be made a defendant who has or claims ari interest in the controversy adverse to the plaintiff, or who is a necessary party defendant for the complete determination or settlement of a question involved therein, except as otherwise expressly prescribed in the act.
The plan of reorganization, as will have been observed from the statement made, vests certain trusts in reference to bonds which were deposited subject to its terms, and the defendant company, having received the bonds, accepted the trust.
The plaintiff alleges that he deposited with the committee of bondholders, to be by them deposited with the Central Trust Co., two first mortgage bonds of the New Jersey Midland B. B. Co., known and designated by the Nos. 1857 and 1858, upon the agreement that he should receive, after the reorganization, two bonds of equal par value of the Midland B. B. Co. of New Jersey, when it should be formed, and the necessary allegations to show that these bonds have been created to which under the agreement, if established, he would be entitled. He also alleges, as will have been observed, that these bonds are claimed by the defendant Conant. And this action was brought for the purpose of compelling the delivery of the bonds to him instead of to Conant, and the relief ad interim asked by injunction, to prevent the delivery of them to Conant and any act on the part of Conant by which his title should be interfered with in any way.
It cannot be well doubted that, under the provisions of the Code to which reference has been made, Mr. Conant was a proper party because he claimed an interest adverse to the plaintiff, and was a necessary party for the complete determination of the question involved, inasmuch as the defendant company was entitled to protection between the two contestants.
*166 The duty of making a person or persons claiming adversely to the plaintiff, in such a case, a party or parties to the suit was determined in Derham v. Lee (87 H. Y., 599). The provisions of the Code, it was there declared, are in harmony with the principle of equity by which all persons interested in the subject of the suit should be made parties, either as plaintiffs or defendants, and those provisions applied to all actions where the controversy could be ended by one hearing and adjudication (see, also, Fowler v. Mutual Life Ins. Co., 28 Hun, 195).
The rule is quaintly stated by Baron Abinger in Plumbe v. Plumbe, 4 Y. <& O., 345, as follows': “ I-take it that if a man claims an interest in the subject matter of a suit by resisting the plaintiff in his possession, or otherwise, and this appears by the bill, in such case you are not bound to set out the particular claim which he alleges, or to give it color” (see also, Fullerton v. McCurdy, 4 Lans., 132).
The theory of the appellant as to this action is one which cannot be maintained—namely, that the complaint combines two causes of action, which is not the case, as we have already seen. The sole object is to secure the delivery of the two bonds which the plaintiff claims, and against the accomplishment of which the defendant’s asserted interest and title seems to be the only obstacle. It is to remove that, that the action was commenced.
The appellant makes objection to the relief demanded by the cancellation of the certificate of the appellant Conant, on which he predicates his right to the mortgaged bonds. But this was only a part of the judgment asked, which seems to be in harmony with the relief sought, for the reason that if the plaintiff be entitled to these mortgage bonds, any certificates that may have been obtained by the appellant Conant, invest ing him with the title to or authorizing him to receive them, must necessarily have been improperly or illegally issued, and therefore should be destroyed; and in that respect it is auxiliary to the object in view.
For these reasons, without any more elaboration, it is quite apparent that the demurrer should not have been sustained, *167 and that it was properly disposed of by the learned justice in the court below.
The judgment and order appealed from must therefore be affirmed, with costs.
Daniels, J., concurred.