ALFRED D. BUMP, APPELLANT, *v.* WILLIAM GILCHRIST AND OTHERS, RESPONDENTS.

*General legatees — not properly made parties to an action where an executrix has improperly transferred a note, upon which the action is brought — Code of Civil Procedure, sec. 452.*

In an action commenced against William Gilchrist and others, the makers, and a guarantor of a promissory note of $1,000, made payable to Margaret M. Bump, executrix of Warren S. Bump, or bearer, which was alleged to have been transferred by her to the plaintiff, two general legatees under the will of Warren S. Bump, deceased, were, on their own application, made parties defendant upon the ground that they, together with Margaret M. Bump, were the persons interested in the estate of Warren S. Bump, and that Margaret, as executrix, was mismanaging the estate and had assigned the note in suit, being part of the assets of the estate, to the plaintiff without consideration.

*Held,* that while a general legatee is entitled, at the proper time, to his share in the estate, and to proceed against the executrix in the proper court for mismanagement, he is not the owner of any specific part of the estate.

That as these legatees had no interest in this specific note they should not have been made parties to this action.

APPEAL from a judgment entered, at the Washington County Circuit, upon an order dismissing the complaint, in the office of the clerk of the county of Washington on December 24, 1887; and, also, from an order made at a Special Term and Circuit Court, permitting Horace Gilchrist, as guardian of William J. Bump, an infant, and Charles W. Taylor, as guardian of Alfred W. Bump, an infant, to be brought in as defendants, and permitting them to interpose a defense to the above entitled action, which order was entered in the office of the said clerk on October 26, 1886.

This action was commenced against William Gilchrist and others,

makers and a guarantor of a promissory note of $1,000 and interest, payable to Margaret M. Bump, executrix of Warren S. Bump, or bearer, alleged to have been transferred to plaintiff. Two general legatees under the will of Warren S. Bump, viz., William J. Bump and Alfred W. Bump, applied to be made defendants and plaintiff against her will was ordered to bring them in. The ground was, in brief, that they, together with Margaret M. Bump, were the persons interested in the estate of Warren S. Bump; that Margaret, as executrix, was mismanaging the estate, and had assigned the note in suit (being part of the assets) to plaintiff without consideration, etc.

On the trial of the case the plaintiff produced the note, and testified to his ownership of it. On cross-examination he testified that he knew it belonged to the assets of the estate of Warren S. Bump; that he received the note in payment for work done on the farm for several years, and that he also gave to Margaret a note of his own of $326, when he received this note. The will of Warren S. Bump was given in evidence by plaintiff. It gives his wife the use of all the property as long as she remains the widow of testator, with power to use the principal of the personal, if she needs more, to support the children. At her death all was to go to the children William J. Bump and Alfred W. Bump. If the widow married, all was to be divided between the widow and the children when the youngest became twenty-one. If the sons died before the widow and before receiving their share, she was to have the whole. The court nonsuited the plaintiff on the ground that the case could not be determined until the rights of the widow were determined on an accounting in the Surrogate's Court, and that she could not convey any right to the property until she knew what she was entitled to. The plaintiff appealed from the judgment and the order

*S. W. Russell*, for the appellant.

*L. Fraser*, for the respondent.

LEARNED, P. J.:

The result of this case illustrates the incorrectness of the order bringing in the two legatees. Section 452 of the Code authorizes the bringing in a party who has an interest in the subject, " the title to which may in any manner be affected by the judgment." Cases

like *Turner* v. *Conant* (18 Abb. N. C., 160) and *Derham* v. *Lee* (87 N. Y., 599) show that the object is to bring in all parties having an interest, so that a final decision may be made. Now, in any view, there are plainly no other parties having an interest, except those who are now parties. Margaret has transferred her rights to the plaintiff; and William J. and Alfred W. are the only legatees. If then, they were properly brought in, no reason is shown why a verdict against the signers of the note should not have been directed in favor of some one. The object of section 452 is not to enable debtors to escape paying debts; but, in a proper case, to aid in deciding to whom they shall pay. And when every person who could claim the debt is a party, the debtor should not go free.

Undoubtedly, if this note was, in fact, wholly assets of the estate the executrix could reclaim it if she had parted with it improperly But until she, or some one authorized so to do, should reclaim it, it would seem that the legal title was in the party to whom it had been transferred. Of course the plaintiff must be the real party in interest. That means the party holding the legal title. For instance, an assignment may be fraudulent as to creditors, yet the fraudulent assignee would be competent to maintain an action on a note thus fraudulently assigned. According to the practice pursued in this case, when an assignee, under an assignment, fraudulent as to creditors, had sued on a note thus assigned, a creditor of the assignor might cause himself to be made a party defendant to that action, and the court would thereupon nonsuit the plaintiff and thus relieve the debtor from paying any one. The mistake has been in bringing in the legatees. A general legatee is entitled, at the proper time, to his share in the estate, and he is entitled to proceed against the executrix in the proper court for mismanagement, but he is not the owner of any specific part of the estate. The estate belongs to the executrix. These legatees, therefore, were not properly brought in as parties, because they had no interest in this specific note. This is easily illustrated. This executrix is personally entitled, in any event, to one-third. Now, if this note were much less than one-third of the estate, she might take it as her share or as part thereof, and the legatees could claim no specific interest therein.

It may be true, as the respondents urge, that the plaintiff and the executrix are mismanaging the estate, but this action is not the place

where that question is to be tried. As the signers of the note do not deny their signature, the only question here to be tried is whether the plaintiff is the legal owner and holder. Of that his possession is *prima facie*, but not conclusive, evidence. These legatees are in no sense owners of the note, and show no title or claim of title thereto. They should not be parties.

Order making legatees parties reversed, with ten dollars costs and printing disbursements against the guardians, and motion to make them parties denied, with ten dollars costs against guardian.

Judgment reversed, new trial granted, costs to abide event.

LANDON and INGALLS, JJ., concurred.

Judgment reversed, new trial granted, costs to abide event.