### GUELI *et al. v.* LENNIHAN *et al.*

(*Supreme Court, General Term, First Department.* January 24, 1890.)

1. REVIVAL OF ACTION—DEATH OF PARTY.

　　Plaintiffs in replevin against a testatrix and her lessee obtained possession of the property. After testatrix's death, plaintiffs, without reviving the action, obtained a stipulation from her executor for the discontinuance of the action, which was done with the intention of leaving one of plaintiffs in possession of the property. *Held,* that the stipulation was improvident and improper, and that the action should be revived in the name of the executor for the protection of testatrix's estate.

2. SAME—LEGATEES.

　　Where it does not appear that testatrix's estate will be exhausted by the payment of her debts and a specific legacy of $500, a legatee entitled to one-third of the residue is properly made a defendant to the revived action, under Code Civil Proc. N. Y. § 452, which provides that "where a person not a party to the action has an interest in the subject thereof, * * * and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

3. SAME—PRAYER FOR RELIEF.

　　Where the affidavits in support of the motion to revive allege an illegal appropriation of the property by one of plaintiffs, and the order to show cause includes the clause for "other and further relief in the premises as to this court may seem just and proper," the action may be revived against the executor, though that relief was not specifically requested.

Appeal from special term, New York county.

Replevin by Mary Ellen Gueli and Mary Frances McGowan against Catherine Lennihan and Patrick E. McGowan. Defendant Patrick E. McGowan suffered judgment by default to be entered against him. After the death of

Catherine E. Lennihan, her executor entered into a stipulation for the discontinuance of the action. From an order reviving the action, by making the executor of the estate of the deceased defendant, Catherine Lennihan, a defendant therein, and adding Nora Gardner, a legatee under the will of such deceased defendant, as a defendant, and vacating the stipulation for the discontinuance and any order entered thereon, plaintiff Mary Frances McGowan appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Stephen O. Lockwood,* for appellant. *George Finch* and *Lyman L. Settel,* for respondents.

DANIELS, J. The action was prosecuted to obtain possession of household furniture leased by the testatrix, Catherine Lennihan, to the defendant Patrick E. McGowan, with the premises known as "109 East Twelfth Street," in the city of New York. He is the husband of the plaintiff Mary Frances McGowan, who, with the other plaintiff, are daughters of the testatrix. He went into possession of leasehold property under the lease, and the occupancy thereof. He allowed the action to go by default against himself, and has not paid the rent reserved by the lease for the use of the furniture; and after the decease of the testatrix the appellant, without reviving the action, obtained a stipulation from the executor named in her will for the discontinuance of the action. In the proceeding in replevin, possession of the furniture was obtained by the plaintiffs, and the discontinuance of the action seems to have been intended to leave the plaintiff Mary Frances McGowan and her husband in such possession, as the other plaintiff has withdrawn from the action. This furniture is claimed to be a portion of the estate of the deceased testatrix; and, as her right to it was denied and contested in this action, it was entirely proper to revive it by making her executor a party to it as defendant.

But, as that relief was not expressly included in the order to show cause, the objection has been made that the court on this application could not regularly make this part of the order. The affidavits used in support of the motion do, however, sustain its propriety. He is the executor of the estate, and it is his duty to protect it from reduction and depletion by the illegal appropriation of this furniture by the appellant; and that can most effectually be done by resisting her right to maintain this action. And as the order to show cause also includes the clause for "other and further relief in the premises as to this court may seem just and proper," the revival of the action in favor of the executor, and his substitution as a defendant therein, were within its scope and comprehension; for it has been held, as a rule of practice supported by this clause, that the court may give such further relief, beyond that specifically asked for, "as is warranted by the facts plainly in the papers on both sides." *People* v. *Supervisors, etc.,* 45 N. Y. 196, 204; *Thompson* v. *Railway Co.,* Id. 468, 476. The affidavits used to support and oppose the motion plainly showed that the action should be revived, and the executor made a party defendant to it, and thereby invested with the authority and position essential for the protection of this part of the estate committed by the will to his management and protection; and that, under the order, required this revival to be directed.

It also appeared that the stipulation given by him for the discontinuance of the action was not only improvident, but conspicuously improper; for, without any reason justifying it, that permitted the appellant to continue to hold possession of the furniture, and protected her husband, who was a defendant in the action, against his obligation created by the lease to pay an annual rent for the use of this furniture. If it had provided for such a discontinuance as would have resulted in the return of the property, the case then might not require this interposition of the court. But that evidently was neither the nature nor the object of the stipulation. It is designed by it to secure to

the appellant the advantage which could alone result from maintaining her title to the furniture, and that as to this estate was so collusive as to necessarily avoid its success. This part of the order was also supported by the facts.

The regularity of the remaining part of the order, making Nora Gardner a defendant in the action, is not so well supported. She is shown to be a legatee entitled to one-third of the estate of the testatrix, after the payment of her debts and a legacy of $500. The value of the personal estate has not been shown; neither has it in any form been affirmed that it will by these payments be exhausted. It may be inferred that such payments will not exhaust it; and, if they will not, then she has an interest in this furniture which it will be necessary for her to protect against its future jeopardy from the collusive acts of the appellant and the executor. The motion was heard and disposed of without any denial that this was her position; and it ought to be assumed, for the disposition of the appeal, that her presence in the action will be necessary to protect her interest, actual or contingent, in this furniture; and, if that is done, then the order making her a party appears to be justified. For section 452 of the Code of Civil Procedure has declared: "Where a person not a party to the action has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment." This is so broad as to include this case; and as this applicant seems to have so much interest in the subject of the action as to render it important for her to protect it, and the executor has already demonstrated his indisposition to faithfully do that himself, this part of the order was rightly made. The case of *Delafield* v. *Barlow*, 107 N. Y. 535, 14 N. E. Rep. 498, was an action for partition, and the person proposed to be made a party had no interest in the land to be partitioned. And in *Bump* v. *Gilchrist*, 4 N. Y. Supp. 737, the legatee had no interest whatever in the note which was in controversy. These cases, therefore, are not controlling over the present appeal. And no case seems to have arisen indicating it to be a duty to exclude this legatee from becoming a party to this action. Good faith in the action, as well as this mandatory language of the Code, supports her application; and the order should be affirmed, with $10 costs and the disbursements on the appeal. All concur.