MARY ELLEN GUILI *et al.*, Appellants, *v.* CATHERINE LENIHAN *et al.*, Respondents.

*Supreme Court, First Department, General Term, January 24, 1890.*

1. *Parties.  Replevin.*—Where, in an action of replevin, the plaintiff, after having obtained possession of the subject matter of the action, procures a stipulation of discontinuance for the defendant's executor, an order of revival may properly make the executor and the legatee parties defendant and vacate the stipulation for the discontinuance of the action.

2. *Order.  Relief.*—Where an order to show cause includes the clause "for other and further relief in the premise:. as to this court may seem just and proper," the court may give such further relief, beyond that specifically asked for, as is warranted by the facts plainly appearing in the papers on both sides.

Appeal by the plaintiff, Mary Frances McGowan, from an order reviving this action, by making the executor of the estate of the deceased defendant Catherine Lenihan a defendant therein, and adding Nora Gardner, a legatee under the will of such deceased defendant, as a defendant, and vacating a stipulation for the discontinuance of the action given by the executor and any order entered thereon.

*Stephen O. Lockwood*, for appellants.

*George Finch* and *Lyman L. Settel,* for respondents.

DANIELS, J.—The action was prosecuted to obtain possession of household furniture leased by the testatrix Catherine Lenihan to the defendant Patrick E. McGowan, with the premises known as 109 East Twelfth street in the city of New York. He is the husband of the plaintiff Mary Frances McGowan, who with the other plaintiff are daughters of the testatrix. He went into possession of the leasehold property under the lease, and the occupancy thereof. He allowed the action to go by default against himself and has not paid the rent reserved by the lease for the use of the furniture. And after the decease of the testatrix the appellant, without reviving the action, obtained a stipulation from the executor named in her will for the discontinuance of the action. In the proceeding in replevin, possession of the furniture was obtained by the plaintiffs and the discontinuance of the action seems to have been intended to leave the plaintiff Mary Frances McGowan and her husband in such possession, as the other plaintiff has withdrawn from the action. This furniture is claimed to be a portion of the estate of the deceased testatrix. And as her right to it was denied and contested in this action, it was entirely proper to revive it by making her executor a party to it as defendant.

But as that relief was not expressly included in the order to show cause, the objection has been made that the court on this application could not regularly make this part of the order. The affidavits used in support of the motion do, however, sustain its propriety. He is the executor of the estate, and it is his duty to protect it from reduction and depletion by the illegal appropriation of this furniture by the appellant, and that can most effectively be done by resisting her right to maintain this action. And as the order to show cause also includes the clause for " other and further relief in the premises, as to this court may seem just and proper," the revival of the action in favor of the executor,

29

and his substitution as a defendant, therein, were within
its· scope and comprehension. For it has been held, as a
rule of practice supported by this clause, that the court may
give such further relief, beyond that specifically asked for,
" as is warranted by the facts plainly in the papers on both
sides." People *v.* Supervisors, etc., 45 N. Y. 196, 204;
Thompson *v.* Erie Railway Co., Id. 468, 476. The affidavits
used to support and oppose the motion plainly showed
that the action should be revived and the executor made a
party defendant to it, and thereby invested with the authority
and position essential for the protection of this part of the
estate committed by the will to his management and protec-
tion, and that under the order required this revival to be
directed.

It also appeared that the stipulation given by him for the
discontinuance of the action was not only improvident, but
conspicuously improper. For, without any reason justifying
it, that permitted the appellant to continue to hold posses-
sion of the furniture, and protected her husband, who was a
defendant in the action, against his obligation created by
the lease to pay an annual rent for the use of this furniture.
If it had provided for such a discontinuance as would have
resulted in the return of the property, the case then might
not require this interposition of the court. But that evi-
dently was neither the nature nor the object of the stipula-
tion. It was designed by it to secure to the appellant the
advantage which could alone result from maintaining her
title to the furniture, and that as to this estate was so col-
lusive as to necessarily avoid its success.

This part of the order was also supported by the facts.
The regularity of the remaining part of the order making
Nora Gardner a defendant in the action is not so well sup-
ported. She is shown to be a legatee entitled to one-third
of the estate of the testatrix, after the payment of her debts,
and a legacy of $500. The value of the personal estate has
not been shown, neither has it in any form been affirmed

that it will by these payments be exhausted. It may be inferred that such payments will not exhaust it. And if they will not, then she has an interest in this furniture which it will be necessary for her to protect against its future jeopardy from the collusive acts of the appellant and the executor. The motion was heard and disposed of without any denial that this was her position. And it ought to be assumed for the disposition of the appeal that her presence in the action will be necessary to protect her interest, actual or contingent, in this furniture. And if that is done then the order making her a party appears to be justified. For § 452 of the Code of Civil Procedure has declared " where a person not a party to the action has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

This is so broad as to include this case, and as this applicant seems to have so much interest in the subject of the action as to render it important for her to protect it, and the executor has already demonstrated his indisposition to faithfully do that himself, this part of the order was rightly made.

The case of Delafield *v.* Barlow, 107 N. Y. 535, was an action for partition, and the person proposed to be made a party had no interest in the land to be partitioned. And in Bump *v.* Gilchrist, 52 Hun, 6, the legatee had no interest whatever in the note which was in controversy. These cases, therefore, are not controlling over the present appeal. And no case seems to have arisen indicating it to be a duty to exclude this legatee from becoming a party to this action. Good faith in the action as well as this mandatory language of the Code support her application. And the order should be affirmed, with ten dollars costs, and the disbursements on the appeal.

VAN BRUNT, P. J., and BRADY, J., concur.