### MESINGER v. MESINGER BICYCLE SADDLE CO.

(Supreme Court, Appellate Division, First Department. October 20, 1899.)

1. CORPORATIONS—PROMOTER'S CONTRACT—RATIFICATION.
   Where a promoter of a corporation contracts for the employment of another by the prospective corporation, and is elected to the presidency of the new corporation on its creation, and such other enters on his duties under such agreement without dissent by the president, such acquiescence constitutes a ratification by the corporation of the contract.

2. EMPLOYMENT CONTRACT—CONSIDERATION.
   A contract for the services of plaintiff, whereby defendant agreed to pay him a certain sum per year, the salary to commence at the time of the creation of a corporation, though his services were not rendered until later, is not a mere gratuity as to the period before plaintiff commenced his work, and the actual service rendered is a sufficient consideration for the whole sum agreed to be paid.

Appeal from trial term, New York county.

Action by Henry Mesinger against the Mesinger Bicycle Saddle Company. From a judgment in favor of plaintiff, and an order denying defendant's motion for a new trial, defendant appealed. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, and O'BRIEN, JJ.

Henry A. Forster, for appellant.
Thomas Abbott McKennell, for respondent.

BARRETT, J. The action is brought to recover a balance of salary alleged to be due to the plaintiff. It is conceded that he was employed at a salary of $3,000 per annum, but the date when his employment commenced is in dispute. The defendant was incorporated on July 23, 1896, and the plaintiff has been permitted to recover from this date, although he did not actually begin work until several weeks later, as he was absent on a European trip. This recovery is based upon the undisputed testimony of the plaintiff's brother to the effect that, prior to the defendant's incorporation, Hulbert, one of its promoters, and afterwards its president, told him that the plaintiff might take this trip, and that his salary would continue while he was away. The only question in the case is whether this testimony furnished a legal basis for the verdict. The agreement may be treated as

though made directly with the plaintiff, for it was communicated to him by his brother, and the latter evidently acted as his agent.

It is now settled in this state that an agreement made in behalf of a corporation about to be formed, although not initially binding upon it, may, by the company's acts after it attains a legal existence, be so ratified as to become a corporate obligation. This ratification may be effected by the person who entered into the original agreement, if that person, at the time of the ratification, has become an executive officer of the company, entitled in that capacity to bind it by such an agreement. Oakes v. Water Co., 143 N. Y. 430, 38 N. E. 461. This agreement in question was certainly one which the defendant's directors had power to make or to ratify. Hiring employés, and allowing them vacations with a continuance of salary, are among the commonest features of corporate management. This being so, the making or ratification of such an agreement by the defendant's president was prima facie valid, and threw upon the defendant the burden of showing that it was without authority. Patterson v. Robinson, 116 N. Y. 193, 22 N. E. 372. This burden the defendant made no attempt to sustain.

It is argued that this money was a mere gratuity, and that the promise to pay it was but an executory promise to make a gift, and was wholly without consideration. That is an erroneous view of the situation. The defendant agreed to pay a specified sum for a specified period of service, which did not include the time that plaintiff was away. The plaintiff's actual services were a sufficient consideration for the whole sum agreed to be paid.

That the agreement was ratified seems clear. There was no express ratification, for neither the plaintiff nor his brother had any conversation on the subject with Hulbert after the incorporation of the defendant. But there was an implied ratification. It was Hulbert's duty, if, as the defendant's representative, he wished to disavow the agreement, to so notify the plaintiff. He had, of course, full knowledge of its existence, and that the plaintiff was acting in reliance upon it. He accepted the plaintiff's services, rendered in pursuance of the agreement; and the defendant, which was bound by his action, cannot now be permitted to repudiate it.

The judgment and order appealed from should be affirmed, with costs. All concur.