(37 Misc. Rep. 677.)

### DUPIGNAC v. BERNSTROM et al.

Supreme Court, Special Term, New York County. April, 1902.)

1. CORPORATION—CONTRACT—VALIDITY.

A corporation entered into an agreement with plaintiff to the effect that if he would take charge of its affairs in the United States, and those of another concern which owned all the stock of the corporation, except that held by plaintiff, and continue until he had placed the corporation on a paying basis and it had earned sufficient to pay its debts, it would pay him a substantial interest in its future earnings, without regard to any services rendered or required thereafter. *Held*, that the contract was valid, and enforceable by plaintiff, where he had performed on his part.

2. SAME—CONSTRUCTION.

A contract to pay the manager of a corporation's business a certain sum, and pay him when he had placed it on a paying basis, and it had earned enough to pay its debts, a substantial interest in its future earnings, without regard to services rendered "thereafter," means after the payment of the debts of the corporation, and not after the execution of the agreement.

3. SAME—RATIFICATION.

Where a corporation, with full knowledge of the facts, ratifies the acts of a majority stockholder assuming to act for it, it is bound to the same extent as if it had originally authorized the act.

4. ACTION ON CONTRACT—PLEADING.

In an action on a contract, plaintiff need not allege that it was in writing, where a written contract is necessary.

5. EQUITY—PLEADING—PARTIES.

Where a complaint in equity states a cause of action against one of the defendants, it states such a cause against all the other defendants who are necessary parties, in order to give plaintiff all the relief to which he is entitled.

6. ACTION AGAINST CORPORATION—PARTIES.

Where plaintiff claims that he is entitled to a certain payment from the net earnings of a corporation before a distribution of the same among the stockholders, directors of the corporation who are stockholders are necessary parties, when they claim the net earnings of the corporation should be immediately distributed.

Action by Frank J. Dupignac against John Bernstrom and others. Demurrer to amended complaint overruled.

Butler & Harwood (Charles E. Rushmore, of counsel), for plaintiff. Kellogg & Rose (L. Laflin Kellogg and Alfred C. Pette, of counsel), for defendants.

CLARKE, J. This suit is brought to have an alleged contract declared binding upon the De Laval Separator Company, a corporation, and upon the Aktiebolaget Separator and the other defendants, stockholders of the said De Laval company. The plaintiff claims that he is entitled to 5 per cent. of the net earnings of the De Laval Company, in addition to any dividends he may be entitled to as stockholder, as the same may accrue from time to time in excess of current and reasonable future requirements, terminable only upon the death of the plaintiff, and prays that the defendants be enjoined from doing any act or taking any corporate or individual action which will interfere with his rights. The amended complaint alleges that prior to May, 1893, the Aktiebolaget Separator, having acquired all of the stock of the De Laval Company, except 200 shares owned by the plaintiff, and 200 shares on which the Aktiebolaget Separator and plaintiff held options, "in or about the said month of May, 1893, agreed with the plaintiff that * * * if he would take and continue in charge of the affairs in the United States of said De Laval Separator Company and the Aktiebolaget Separator, in its capacity as such stockholder thereof as aforesaid, until the said De Laval Separator Company should be placed on a paying basis, and should be enabled, through its earnings, to pay its obligations, amounting to about $200,000, the plaintiff should receive from said De Laval Separator Company, in addition to certain other and fixed compensation for services to be rendered, a substantial interest in all the future earnings of said De Laval Separator Company after the payment of the said obligations, and without regard to any services rendered or required thereafter, and that said De Laval Separator Company should enter into, and carry out and perform, such agreement." It is further alleged that the plaintiff performed the agreement; that the said De Laval Company paid off its obligations; that the Aktiebolaget Separator acquired the 200 shares of stock on which it held options; that in 1895 the "interest" which plaintiff was to receive under the agreement was "fixed by the Aktiebolaget Separator and by the De Laval Separator Company through the Aktiebolaget Separator and the plaintiff, as comprising the owners of all the stock thereof," at 5 per cent. on all net earnings of the De Laval Company, and it was agreed that the De Laval Company should take corporate action; that on December 30, 1896, the De Laval Company, at a meeting of its stockholders, duly caused a resolution in writing to be passed and spread upon its minutes, whereby, by vote of the holders and owners of all the stock of said company, it was provided that the board of directors should pay the plaintiff 5 per cent. of the net earnings, which resolution was confirmed by all the stockholders of the corporation; that up to the time of the commencement of this

suit the agreement had been performed, and plaintiff had received 5 per cent. of the net earnings of said company. The defendants have interposed separate demurrers, each on the ground that the amended complaint does not state facts sufficient to constitute a cause of action. It is urged that the contract, as alleged, is without consideration, because founded on past services, and emphasis is placed upon the word "thereafter" in the phrase "without regard to any services rendered or required thereafter." The contention is without force. "Thereafter," when read with the entire statement of the agreement, does not refer to the time when the agreement was entered into, but to such time as the company should be enabled to pay its obligations. Certain definite compensation was to be paid the plaintiff, and other compensation in the form of a substantial interest in all the future net earnings of the company, "after the payment of the said obligations, and without regard to any services rendered or required thereafter." The agreement is stated to have been made with a desire to retain and hold the services of the plaintiff, "having in mind and in view of the services already rendered by the plaintiff," and "their great value." These statements are reasons given to show the desire on the part of the company to form a contract, but they are not alleged to be the consideration. The consideration is clearly stated to be the taking and continuing in charge of the affairs in the United States of the company and the Aktiebolaget Separator, as a stockholder thereof, from 1893 until the company should be placed through its earnings to pay its obligations. Beers v. Insurance Co., 66 Hun, 75, 20 N. Y. Supp. 788, is not controlling on this demurrer. In that case compensation was voted by a board of directors to their president for past services, for which he had already been fully paid, and he did not undertake any future service for the company, as is alleged in this complaint.

The further objection is raised that, under the allegations of the amended complaint, the contract is not binding upon the De Laval Company in its corporate capacity; that the agreement was not entered into by agents of the corporation, or by authority of its board of directors, but simply by its stockholders, whereas all corporate contracts, before they can bind the corporate entity, must be made by its directors or authorized agent. In view of other allegations in the complaint, it is unnecessary to determine whether or not, at the time of the 1893 agreement, the Aktiebolaget Separator was the agent of the De Laval Company or whether that agreement, or the subsequent action in 1895 defining the plaintiff's interest, or the resolution of 1896, being acts of all the stockholders, bind the corporate entity. It is generally true that the stockholders are not the agents of a corporation, but the principle is familiar that, if one, with full knowledge of the facts, ratifies the doings of another who has assumed to act in his name and behalf, he will be bound thereby as fully as if he had originally conferred authority upon him in the premises. This ratification may be by acts or conduct inconsistent with any other supposition than that he intended to adopt and own the act done in his name. Story, Ag. §§ 239, 252. This rule ap-

plies equally to corporations. An implied contract may be deduced
by inference from corporate acts without either a vote or deed or
writing. 2 Kent, Comm. 291; Mor. Priv. Corp. § 618; Peterson
v. Mayor, etc., 17 N. Y. 449; Olcott v. Railroad Co., 27 N. Y. 546,
84 Am. Dec. 298. Services rendered at the request of a corpora-
tion's counsel or its chief engineer, or other person who had no
authority to represent the corporation, but which services were ac-
cepted by the corporation, must be paid for by the corporation
according to the terms agreed upon. Wilson v. Railroad Co., 114
N. Y. 487, 21 N. E. 1015; Balet v. Bridge Co., 40 App. Div. 245,
58 N. Y. Supp. 19; Scott v. Railroad Co., 86 N. Y. 200. Contracts
entered into by promoters or others assuming to represent a corpo-
ration before the corporate entity has come into being may subse-
quently be adopted by the corporation as its own by recognizing
and treating such contracts as valid. Where, before incorporation,
an inventor had assigned certain patent rights under an agreement,
by the terms of which he was to receive royalties during the life of
the patent, and it appeared that the corporation had subsequently
acted on the contract, and for a time paid the royalties, the court
held:

"Even if not incorporated when the agreement was made, the company,
by availing itself of the agreement, enjoying its benefits, and acting under
and in part performing it, made it its own as effectually as if it had formally
and by resolution adopted and ratified its terms." Bommer v. Manufacturing
Co., 81 N. Y. 468.

In Rogers v. Land Co., 134 N. Y. 197, 32 N. E. 27, the court says:

"The bondholders were the promoters of the land company. Being about
to form a corporation for an authorized purpose, they made an agreement
upon the subject in which they provided for the benefits to be conferred
upon it and burdens to be assumed by it after its organization. While it
could have refused, when it came into existence, to accept the one or to be
bound by the other, it could not accept the advantages, and then refuse to
assume the obligations. By accepting title to the land, it adopted and
ratified the agreement entered into by all its stockholders, and thereby volun-
tarily made itself a party thereto, and became bound thereby."

Anthony v. Glucose Co., 146 N. Y. 407, 41 N. E. 23; Mesinger
v. Saddle Co., 44 App. Div. 26, 60 N. Y. Supp. 431; Oakes v. Water
Co., 143 N. Y. 430, 38 N. E. 461, 26 L. R. A. 544; Seymour v.
Association, 144 N. Y. 333, 39 N. E. 365, 26 L. R. A. 859; Battelle
v. Pavement Co., 37 Minn. 89, 33 N. W. 327; Whitney v. Wyman,
101 U. S. 392, 25 L. Ed. 1050.

In the complaint before me it is alleged that the parties contract-
ing agreed that the plaintiff was to "continue in charge of the affairs
in the United States of said De Laval Separator Company;   *   *   *
that said De Laval Separator Company should enter into, carry
out, and perform such agreement." It is further alleged that plain-
tiff, as agreed, took charge of the management and guidance of the
affairs of the company until the 31st day of December, 1894, and
continuously thereafter, at which time the company had earned
sufficient to pay off, and did pay off, its obligations, and was placed
on a paying basis. Such transactions were only possible through
the acquiescence of the directors of the corporation. Moreover, it

is alleged that the resolution passed by all the stockholders in 1896 provides "that the board of directors of the De Laval Separator Company should, from time to time during each year, estimate the amount of surplus cash on hand, or the net earnings over and above the current and reasonable future requirements, and thereupon should declare cash dividends, and pay this plaintiff * * * 5 per cent. of such surplus cash or net earnings." And it is further alleged "that up to the time of the commencement of this action the said agreement had been in all respects duly lived up to and performed, and plaintiff had been in receipt of the said percentage of net profits of said company." It therefore appears, from the allegations of the complaint, that the De Laval Company has not only, knowing the facts, received and accepted the benefit of the plaintiff's services rendered pursuant to the agreement entered into in its behalf by all its stockholders, but has, through its directors, partially paid to the plaintiff the compensation agreed upon by such stockholders. By thus accepting the benefits of the contract, and paying therefor the compensation agreed upon, the De Laval Corporation ratified the agreement entered into by all its stockholders, and thereby voluntarily made itself a party thereto, and became bound thereby.

The defendants further contend that the contract is void because of the statute of frauds. Where the complaint states generally, as in this case, that an agreement or contract was made, the court, on demurrer, will presume it was a legal contract, until the contrary appears. It is not necessary to specifically aver that the contract was in writing. Cozine v. Graham, 2 Paige, 177; Crane v. Powell, 139 N. Y. 379, 34 N. E. 911; Marston v. Swett, 66 N. Y. 206, 23 Am. Rep. 43; Stern v. Drinker, 2 E. D. Smith, 401; Livingston v. Smith, 14 How. Prac. 490.

The only remaining question is whether the amended complaint states facts sufficient to constitute a cause of action against the Aktiebolaget Separator and the other defendants, as well as against the De Laval Company. As this is a suit in equity, and the court has determined that a cause of action is stated against one defendant, a good cause of action is stated against the other defendants also, if they are necessary parties for any purpose whatever to enable the court to give full and complete relief on any question involved in the litigation. Fowler v. Insurance Co., 28 Hun, 195; Turner v. Conant, 18 Abb. N. C. 160. It is unnecessary to consider whether or not a cause of action is stated against the defendants Richard Bernstrom and the other natural persons in their capacity as directors, for the amended complaint alleges that they are also stockholders of record in the De Laval Company. As stockholders, they and the Aktiebolaget Separator are proper and necessary parties in this suit for the purpose of determining what disposition is to be made of the net earnings, which it is stated they claim should be immediately distributed to them as stockholders, and out of which the plaintiff claims a sum must first be paid to him, pursuant to the contract alleged to have been originally entered into by the stockholders, and subsequently ratified by the De Laval Corpora-

76 N.Y.S.—25

tion. Demurrers overruled, with costs, with leave to withdraw same and answer over upon payment of costs.

Demurrers overruled, with costs, with leave to withdraw same and answer over upon payment of costs.