(117 App. Div. 690)

### SMITH v. DAVID STEVENSON BREWING CO. et al.

(Supreme Court, Appellate Division, First Department. February 15. 1907.)

1. EXECUTORS—WRONGFUL ACTS—VACATION—COMPLAINT.

A complaint alleged that defendant M., an executor, fraudulently induced plaintiff, executor, and a third coexecutor, since deceased, to convey to an irresponsible party a brewery which composed part of testator's estate, without consideration, the purchaser giving a purchase-money mort-

gage, and immediately thereafter conveying the brewery without consideration to a corporation formed by M.; that the only consideration received for the brewery by the estate was such purchase-money mortgage, which was intended to be paid out of the income of the property; that all of the capital stock of the corporation was issued to M. and certain other defendants, without consideration; and that plaintiff until a recent date was ignorant of such fraudulent acts. *Held*, that the complaint stated a cause of action in equity to set aside the transaction.

**2. SAME—ACTION—PARTIES.**

Where the managing executor and trustee of an estate obtained a portion of the property for his own use by committing a breach of trust and procuring the property to be conveyed to a corporation, in which he received a majority of the stock, without consideration, and caused 50 shares of the stock to be transferred to plaintiff, his coexecutor, without consideration, none of the shares having been transferred to bona fide holders, plaintiff was entitled to disaffirm the transfer of the shares to himself and sue to have all the stock in the corporation declared the property of the executors and trustees.

**3. SAME—REPRESENTATIVE CAPACITY.**

Where one of the executors and trustees of an estate by a breach of trust caused a part of the estate's assets to be transferred to a corporation for the executor's personal benefit, his coexecutor was entitled in his representative capacity to disaffirm the transaction for the benefit of the beneficiaries and sue to have the transaction set aside.

Appeal from Special Term, New York County.

Action by James D. Smith, individually and as executor, etc., of David Stevenson, deceased, against the David Stevenson Brewing Company and others. From an interlocutory judgment (100 N. Y. Supp. 521) overruling demurrers to the complaint, defendants appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Thomas J. Farrell (Gratz Nathan, of counsel), for appellants David Stevenson Brewing Company, James McClenahan, and others.

Appell & Taylor (George H. Taylor, Jr., of counsel), for appellants Brenner and others.

George F. Martens, for appellant Evens and another.

Gifford, Hobbs, Haskell & Beard (Anson M. Beard and James M. Gifford, of counsel), for respondent.

CLARKE, J. The plaintiff, suing individually and as an executor and trustee under the last will and testament of David Stevenson, deceased, brings this action against the David Stevenson Brewing Company, James McClenahan, individually and as an executor and trustee under the last will and testament of David Stevenson, deceased, and joins as defendants all the heirs and next of kin, legatees, and devisees of David Stevenson, deceased, the executor of the widow of said Stevenson, and all the stockholders of the David Stevenson Brewing Company.

The action is in equity to set aside a conveyance by the coexecutors and trustees under the will of David Stevenson, deceased, to the defendant corporation, or, in the alternative, to decree that all of the stock of the said corporation is the property of said executors and trustees, and also to adjudge whether certain shares of said stock now held

by the plaintiff individually are the individual property of the plaintiff or are rightfully the property of said executors and trustees. The complaint states that 15 months after the death of the testator the defendant McClenahan fraudulently induced the plaintiff and the third coexecutor, now deceased, to convey to an irresponsible party, the defendant Robertson, a brewery which composed part of the testator's estate. The said Robertson paid no cash consideration for the property, but gave a purchase-money mortgage on certain parts of the brewery property, and immediately thereafter conveyed said brewery, without consideration, to the defendant corporation, in order that said McClenahan might acquire the ownership thereof through the ownership of the stock of said corporation, and pay the estate and heirs by said mortgage, which was not assumed by the corporation, and pay said mortgage by the income from their own property; that said corporation issued all of the capital stock without consideration to McClenahan and certain other defendants; that McClenahan controlled a majority of said stock and is president and treasurer of said company; and that until a recent date the plaintiff was ignorant of these fraudulent acts of the defendant McClenahan. Demurrers are interposed by various defendants upon the ground that the complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiff, either individually or as an executor or as a trustee, and that the plaintiff has no right to sue individually. The demurrers having been overruled, this appeal is taken.

In brief, the cause of action alleged in the complaint is the wrongful purchase of the trust property by an executor and trustee. The demurrer, admitting all the facts alleged in the complaint, is too clear to require argument that the conduct by which the managing executor and trustee obtained the trust estate for his own use and benefit was a breach of trust, and that a cause of action is set up calling for the appropriate remedy of a court of equity. I do not understand that the appellants seriously contend that the facts alleged are insufficient to constitute a cause of action and require answer, if the proper parties had brought the action.

The objections urged are: First, that the complaint does not set forth a cause in favor of the plaintiff individually or in his own right against the demurring defendants. I think there is no substance in this claim. The method employed by the defendant McClenahan, as alleged in the complaint, to procure the trust estate for himself, was the formation of a corporation which he controlled. The complaint alleges that the said McClenahan caused 50 shares of stock of said corporation to be transferred to the plaintiff individually, without a consideration, and that none of the shares of said corporation were issued in the first instance or have ever been transferred for value or are in the hands of bona fide holders. The relief demanded is in the alternative that all the deeds and conveyances and transfers be declared null and void, or that all the stock of the corporation be declared to be the property of the executors and trustees, and transferred to them as such. If this latter relief were the one granted by the court, it would be as effectual a return of the property as if what had been done should be specifically undone, because the owners of all the stock would be the

owners of all the property. In order to permit this remedy to be administered, all of the stockholders have been made parties defendant. It would seem to be an idle ceremony for the plaintiff to join himself as a party defendant as a stockholder. He disaffirms the transfer of the shares to himself, and brings them into court and asks that the court pass upon his apparent rights as a stockholder at the same time that it passes on the rights of all the other parties defendant. As an individual he asks no individual relief as against anybody. This objection, therefore, is not well taken. Secondly, the appellants contend that the complaint does not set forth a cause of action in behalf of plaintiff as executor and trustee under the last will of David Stevenson against the demurring defendants, or any of them. They say that while it is true that a trustee may not purchase or deal in the trust property in his own behalf, or have an interest in any such purchase, that rule does not render such a purchase void, but voidable only, and that only at the instance of the beneficiaries, or of the party who has acquired the right of the beneficiaries, and that the title may be affirmed by the beneficiaries, as well by acquiescence and lapse of time as by the express act of the beneficiaries, and, unless the beneficiaries elect to disaffirm, the transaction becomes valid and effectual. The answer to this contention seems clear. The plaintiff is the trustee of an express trust and as such has the right to sue. He participated in the acts complained of, innocently he says, and, having recently discovered the truth, disaffirms those acts and asks the aid of the court in enabling him to undo what he had wrongfully and improperly, although unknowingly, consented to and aided in doing. Certain of the cestuis que trustent have demanded, not only that he bring this action, but that his co-trustees join with him in bringing this action for the benefit of such cestuis que trustent, and no one of said beneficiaries whom demurrants complain should be the parties to elect to disaffirm and bring this suit join in the demurrer to this complaint.

I am of the opinion that, as the title to the trust fund is in the trustee, he alone can bring the action unless he has actively participated in, or silently connived at, the breach of duty, or unless the cestui que trust has made a demand upon him to bring the action, and the trustee has refused to comply therewith. The doctrine of in pari delicto does not apply to trustees suing in their representative capacity. It is their clear duty if they have been at any time party to the illegal transfer of the trust property to repent and commence an action for the restitution of the fund. Even if the plaintiff had been a knowing, instead of an innocent, participator in the alleged acts of McClenahan, still he would have had the right to disaffirm said acts and begin the action, being an action not for his own benefit, but for that of his wronged cestui.

In Weetjen v. Vibbard, 5 Hun, 265, the court sustained the demurrer to a complaint in an action brought by the cestuis que trustent. In that case there were three trustees. Two of them were concerned in the fraudulent transaction complained of, and one of them was not. Instead of making a demand upon the trustee not implicated and who did not refuse to bring the action, one of the cestuis que trustent

brought an action in his individual name. In sustaining the demurrer, the court said:

"They [referring to the cestuis] are permitted to maintain an action only when that may be necessary by way of protecting their interests, and no such necessity can exist when the conduct of one of the trustees is free from objection and he has not declined to prosecute in their behalf."

It was said in Western R. R. Co. v. Nolan, 48 N. Y. 513:

"The trustees are the parties in whom the fund is vested and whose duty it is to maintain and defend it against wrongful attacks or injury tending to impair its safety or amount. The title to the fund being in them, neither the cestui que trust nor the beneficiaries can maintain an action in relation to it as against third parties, except in case the trustees refuse to perform their duty in that respect, and then the trustees should be brought before the court as parties defendant."

The same rule was laid down in Robinson v. Adams, 81 App. Div. 20, 80 N. Y. Supp. 1098. In Wood, Ex'r, v. Brown, 34 N. Y. 337, it was held that one of two executors may maintain an action in equity to call his coexecutor to account, and that the creditors, legatees, and next of kin are not necessarily parties, except in case of a final accounting.

In Wetmore v. Porter, 92 N. Y. 76, it was said:

"We see no reason why a trustee who has been guilty of an intentional fault is not entitled to his locus pœnitentiæ and an opportunity to repair the wrong which he may have committed. It is an alarming proposition to urge against the legal title which a trustee has to trust funds that his recovery of possession may be defeated by a wrongdoer, upon the allegation that the lawful guardian of the funds colluded with him in obtaining their possession."

Zimmerman v. Kinkle, 108 N. Y. 282, 15 N. E. 407, and First National Bank v. National Broadway Bank, 156 N. Y. 459, 51 N. E. 398, 42 L. R. A. 139, are also authorities maintaining the right of action in the plaintiff as executor and trustee as in this case.

It appearing, therefore, that the facts set forth sufficiently state a cause of action, and that there has been no improper joinder of parties, the interlocutory judgment overruling the demurrers should be affirmed, with costs to the plaintiff respondent, with leave, however, to the appellants within 20 days, and upon the payment of costs in this court and in the court below, to withdraw said demurrers and to answer over.

PATTERSON, P. J., and LAUGHLIN and SCOTT, JJ., concur.

INGRAHAM, J. (concurring). I concur in the affirmance of this judgment. It is not necessary to decide whether or not the beneficiaries of this trust could maintain the action without a request of the trustees, who had been guilty of dealing with the trust property for their own benefit, to sue, and a refusal by them. I do not understand that any of the cases cited is an authority for the proposition that, where a trustee has been guilty of the breach of trust charged, a request is necessary for the cestui que trust to maintain an action either against a trustee to recover for the breach of trust, or against parties to whom he has transferred the trust property in violation of the trust and with notice of the trust relation.

In this case the plaintiff admits that he received a benefit from the transactions complained of. He alleges that he received this benefit without full knowledge of the transactions, and that, certain beneficiaries having requested him to sue, he has complied with their request. He presents the facts to the court and asks it to render such judgment for the protection of the beneficiaries as is just. I think he had a right to maintain this action asking for alternative relief, and the court, having all the parties before it, can grant such relief as the situation as presented at the trial requires.

It also seems to me clear that before a court can grant a judgment setting aside the transaction, and requiring the corporation to re-transfer the property of the testator to the trustees, the stock issued by the company in payment of the property would have to be returned; but, as the plaintiff has but a small proportion of stock which he offered to return, the balance of the stock being held by or for the other trustees, it is quite clear that it would be impossible for the plaintiff to offer to return the stock that is held by his co-trustees.

I also think that this transaction was not void, but voidable at the election of the beneficiaries. If the property had been transferred to the corporation and the corporation had issued all of its capital stock to the trustees, who held the stock as part of the trust estate, it is difficult to see how there would have been any misapplication of the trust funds. The estate would then have held a mortgage upon the property and all the stock of the corporation, owing the equity of redemption, and thus would have held substantially what was held before; i. e., all the property. The fraud consisted of the trustees taking the stock issued by the company for the purchase of property to themselves individually, instead of to themselves as trustees. Undoubtedly those interested in the estate could ratify this transaction, but require the trustees to account for all that they received as a consideration for the transfer of the property, for I assume that, if the rights of innocent third parties are not affected, they could elect to set aside the whole transaction and have the property thus disposed of retransferred to the trustees to become part of the trust estate. But, as the plaintiff—one of the trustees who joined in the transaction complained of—could not elect for the beneficiaries, I think he had a right to come into court, present the facts making the beneficiaries a party, and ask the court to make such a decree as would be required to protect the trust estate. Neither the defaulting trustees nor the corporation who received the property with notice of the trust can object to the maintenance of the action upon the ground that the beneficiaries have not yet formally elected as to whether they will affirm or disaffirm the sale to the corporation. The plaintiff individually as a stockholder was a proper party to the action, and whether he should have been made a party plaintiff or party defendant does not seem to be material.

I think, therefore, a good cause of action is alleged, and for the reasons here stated I concur in the affirmance of the judgment.