GIEGERICH, J.   Upon the undisputed facts shown the petitioner is clearly entitled to a discovery and inspection of the deed in suit. It is objected by the defendant that since a summons only has been served the plaintiff is not entitled thereto, under the decision in Rhoades v. Schwartz, 52 App. Div. 379, 65 N. Y. Supp. 111.   In that case it was held that a discovery and inspection could not be had, because it was not made to appear that the defendant intended to rely upon the deed or document sought to be inspected for its defense, and that unless it were so made to appear it could not be said that it was necessary for the petitioner to have an inspection of that document. In the present case the materiality of the deed distinctly appears from the motion papers, which deed the plaintiff seeks to have set aside for fraud.   It is the only document involved in the litigation, and therefore the plaintiff should have such discovery and inspection, so that she may be able to show in her complaint whether or not that paper bears her signature, or whether it was used under the circumstances charged in her moving affidavit.

The motion is therefore granted, with $10 costs.   A referee will be named on the settlement of the order to direct and superintend the discovery and inspection.

---

MUTUAL LIFE INS. CO. OF NEW YORK v. GRANNISS.

(Supreme Court, Special Term, New York County.   December 24, 1907.)

1. PRINCIPAL AND AGENT—ACTION BY PRINCIPAL AGAINST AGENT—PLEADING—AUTHORITY.
   Ratification by a principal of an unauthorized act of an agent has a retroactive efficacy, and is equivalent to an original authority; and hence an allegation that there was no authorization is an allegation of absence of authorization in any form, whether previously or subsequently given.

2. CORPORATIONS—OFFICERS—UNAUTHORIZED PAYMENTS—ACTIONS—PLEADING.
   In an action by a corporation against one of its officers, an allegation that defendant caused to be paid to another person named a sum of plaintiff's money, knowing that such other person was not authorized by plaintiff to receive or disburse it, nor was plaintiff indebted to such person, does not state a cause of action, since, notwithstanding the existence of the facts alleged, money might properly be paid him on behalf of plaintiff.

3. COSTS—COSTS ON DEMURRER—DISCRETION OF COURT.
   Under the express provisions of Code Civ. Proc. § 3232, where issues of law and of fact are joined between the same parties to the same action, and the issue of fact remains undisposed of, the awarding of costs upon an interlocutory judgment on demurrers is within the court's discretion.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, § 217.]

Action by the Mutual Life Insurance Company of New York against Robert A. Granniss.   On demurrer to the third and fourth causes of action in the complaint.   Demurrer to third cause overruled.   Demurrer to fourth cause sustained.

See 103 N. Y. Supp. 835.

White & Case, for demurrer.
James McKeen, opposed.

GIEGERICH, J.   The complaint sets forth five separate causes of action, to the third and fourth of which the defendant has interposed a demurrer upon the ground of the insufficiency of the facts stated. The third cause of action, stated in outline, alleges that in the year 1904 the defendant, being then a director and vice president of the plaintiff company, made or authorized a payment of $2,500 out of the plaintiff's moneys for the purpose of defraying the expenses of a campaign conducted by a political party for the election of its nominees, and that such payment was unlawful and a waste of the assets of the plaintiff, and was made or authorized by the defendant through want of faithfulness and ordinary vigilance and diligence in the discharge of his duties to the plaintiff, "and that said payment was made without authority or authorization by the plaintiff." The allegation that the payment was made without authority or authorization is the one challenged in the argument; the claim being made that, if there was subsequent ratification by the plaintiff, then no cause of action exists against the defendant, and that it is a necessary part of the plaintiff's case to plead the absence of such ratification. It is established by the decisions of this state, however, that an allegation of authority is sustained by proof of ratification; ratification by a principal of an unauthorized act of an agent having a retroactive efficacy and being equivalent to an original authority. Hoyt v. Thompson, 19 N. Y. 207, 219; Merritt v. Bissell, 84 Hun, 194, 32 N. Y. Supp. 559. The latter case was reversed in 155 N. Y. 396, 50 N. E. 280, but upon the ground that the evidence did not show a ratification, and not upon the ground that the evidence offered in proof of ratification was inadmissible under the allegation of authority. On behalf of the defendant an attempt is made to distinguish and evade the application of the authorities just cited to the case presented in these pleadings on the ground that the averment here is not that there was authority, but that there was not authority; but I cannot recognize any distinction. Ratification is a form of authorization, and consequently an allegation that there was no authorization must be deemed to be an allegation that there was no authorization in any of its forms, whether previously given or subsequently given and operating retroactively. The demurrer to the third cause of action is therefore overruled, with leave to the defendant to answer within twenty days.

The fourth cause of action, which is also demurred to, alleges that the defendant, as director and vice president as aforesaid, affixed his signature to a certain voucher admitting the receipt by one Robert Olyphant from the moneys of the plaintiff of the sum of $25,000, and that the defendant by so signing the voucher intended and did cause the amount mentioned to be paid to Olyphant, knowing at the time that "the said Olyphant was not authorized by the plaintiff to receive or disburse the said sum, or any other moneys of the plaintiff on its behalf, nor was the plaintiff indebted to the said Olyphant," and that by reason of the defendant's act the money was lost to the plaintiff. It is argued that the portion of the averment contained in the quotation marks just above is incomplete and not sufficient to show any wrongdoing on the part of the defendant, and that it might well be that Olyphant was neither authorized to receive or disburse moneys

of the plaintiff on its behalf, nor possessed of any claim against it as a creditor, and still it might be entirely proper that money be paid to him by the plaintiff, or on behalf of the plaintiff, to be by him paid over to some creditor of the company, or otherwise properly disposed of. If, for instance, he had been acting as agent on behalf of some principal from whom the board of directors of the plaintiff had properly and within the scope of their powers purchased securities or supplies, or made any other investment or purchase, the payment to him as such agent would have been entirely lawful, and the mere fact that the investment resulted in a total loss or the merchandise was not delivered would not have the effect of making the defendant liable. The demurrer to this cause of action is well grounded and should be sustained, with leave to the plaintiff to amend within 20 days.

Demurrer disposed of as indicated, without costs. Code Civ. Proc. § 3232; Nat. Gum & Mica Co. and A. Wilhelm Co. v. MacCormack, N. Y. Law Journal, June 18, 1907.