(83 Misc. Rep. 74.)

### GORDON v. HOUSE OF CHILDHOOD, Inc.

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

CORPORATIONS (§ 518*)—RATIFICATION—PROMOTER'S CONTRACTS.

    Where the complaint alleged the incorporation of defendant, and that plaintiff at its special instance and request rendered services for it under an agreement for compensation, plaintiff, it having appeared that defendant was not incorporated until after the commencement of the rendition of services, is entitled to prove his contract with the promoter of the corporation, and its subsequent ratification by the corporation; the ratification dating back to the original contract, so that the evidence was admissible under the pleading.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2028, 2086, 2087; Dec. Dig. § 518.*]

Appeal from City Court of New York, Trial Term.

Action by Samuel Gordon against the House of Childhood, Incorporated. From a judgment dismissing the complaint during the course of the trial, plaintiff appeals. Reversed and remanded.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Kilroe & Swarts, of New York City (Morton Stein and Eli S. Wolbarst, both of New York City, of counsel), for appellant.

Gilbert E. Roe, of New York City, for respondent.

WHITAKER, J. The pleadings herein are as follows: Complaint:

"I. Upon information and belief, that during all the times hereinafter mentioned the defendant was and still is a domestic corporation.

"II. Upon information and belief, that between the 13th day of December, 1911, and the 5th day of June, 1912, the plaintiff herein rendered certain

work, labor, and services to the defendant, at its special instance and request, as manager of the defendant's factory in the city of New York.

"III. Upon information and belief, that for the work, labor, and services so rendered the defendant promised to pay to this plaintiff the sum of $200 per month, and that the work, labor, and services were reasonably worth the sum of $200 per month.

"IV. Upon information and belief, that there is now due and owing from the defendant to this plaintiff the sum of $1,200, with interest from the 5th day of June, 1912, and that no part of said sum has been paid, although duly demanded.

"Wherefore plaintiff demands judgment against the defendant for the sum of $1,200, with interest from the 5th day of June, 1912, together with the costs of this action."

Answer:

"First. Defendant denies each and every allegation, matter, and thing in said complaint contained in the paragraph thereof numbered I, except that the defendant admits that it is now, and since the 28th day of December, 1911, has been, a domestic corporation; and defendant alleges that it was incorporated under the laws of the state of New York, on the 26th day of December, 1911, and was not at any time prior thereto a corporation.

"Second. Defendant denies each and every allegation, matter, and thing in said complaint contained in the paragraphs therein numbered II and III.

"Third. Defendant denies each and every allegation, matter, and thing contained in paragraph of said complaint numbered IV, except that defendant admits that no part of the sum therein referred to was ever paid.

"Wherefore defendant demands judgment that the complaint of the plaintiff be dismissed, and that the defendant recover its costs and disbursements of this action."

It will be observed that the time of the rendition of the alleged services is between the 13th day of December, 1911, and June 5, 1912. It appeared upon the trial that the defendant was not finally incorporated until January 2, 1912, some 22 days after the plaintiff claims to have commenced to render services. For this reason the court refused to allow the plaintiff to prove ratification of his employment after the defendant was legally incorporated, or to allow him to prove the valuation or value of services actually rendered after the incorporation. The court also refused to receive evidence tending to show that the contract set forth in the complaint was made with one Byoir, who at that time was promoting the corporation, and who subsequently became its president, and that the defendant after its incorporation ratified the contract. The court refused to allow evidence that plaintiff performed services in contemplation of the defendant becoming incorporated. -

The court further refused to allow plaintiff to testify that he was employed on December 13, 1911, and refused to allow plaintiff to testify to the contract he made with Byoir in December, 1911. The court would not allow plaintiff to prove his employment. Plaintiff then asked leave to amend his complaint, which was denied. After repeated efforts to prove the contract and rendition of services, the plaintiff asked leave to go to Special Term for leave to amend his complaint. This was denied; and at the suggestion only, not on motion, of the defendant's counsel, the complaint was dismissed, before plaintiff had stated that he had rested.

The plaintiff should have been allowed to prove his contract with the promoter of the corporation and its subsequent ratification by the corporation (Oakes v. Cattaraugus Water Co., 143 N. Y. 430, 38 N. E. 461, 26 L. R. A. 544; Mesinger v. Mesinger B. S. Co., 44 App. Div. 26, 60 N. Y. Supp. 431; Mutual, etc., Co. v. Granniss, 57 Misc. Rep. 174, 107 N. Y. Supp. 926); also the services he rendered thereunder. The court in effect denied the plaintiff the right to prove his case, and dismissed the complaint before plaintiff had formally rested.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.