PAUL R. CUTBILL and ELEONORA REYNOLDS, Individually and as Administrators, etc., of JAMES L. REYNOLDS, Deceased, Appellants, *v.* JENNIE C. SCOTT, Individually and as Surviving Executrix of and Trustee under the Last Will and Testament of GEORGIANA REYNOLDS, Deceased, and Others, Defendants, Impleaded with JOHN EMMELUTH and SARAH V. MEEKS, Respondents.

Second Department, March 1, 1918.

**Decedent's estate — suit to set aside improvident sale of assets — creditors of estate not proper parties defendant — equity — power to discharge defendants as parties.**

Where on an accounting by administrators it was determined that their accounts should be surcharged because a sale of property belonging to the estate had been made for an inadequate price and they subsequently sue in equity to set aside the sale, creditors of the estate who contested the administrators' accounts are not proper parties defendant and on demurrer are entitled to a dismissal of the complaint as to them.

The defendants as creditors were not necessary parties, unless upon a final accounting, where no relief against them is demanded.

A court of equity under the circumstances had discretion to discharge said creditors as parties defendant.

APPEAL by the plaintiffs, Paul R. Cutbill and another, individually and as administrators, from an order of the Supreme Court, made at the Rockland Special Term and entered in the office of the clerk of the county of Westchester on the 7th day of November, 1917, granting respondents' motion for judgment on the pleadings, consisting of the complaint and their demurrers thereto, and directing the dismissal of the complaint as to the respondents.

*Arthur M. Johnson,* for the appellants.

*Jeremiah D. Toomey,* for the respondents.

JENKS, P. J.:

The appellants sue individually and as administrators of Reynolds. The respondents are two creditors of said Reynolds. The said administrators instituted accounting proceedings in the Surrogate's Court, and the two creditors were among those

who came in to contest the account. The referee appointed by the Surrogate's Court reported that a sale made by the executors justified a surcharge because of inadequacy of price. While the accounting proceedings were pending, this action was begun on the equity side of the Supreme Court to undo the sale, and is to enjoin *pendente lite* the said proceedings in the Surrogate's Court. The plaintiffs brought in numerous defendants, apparently including all of the creditors of the decedent. Thereupon the said two creditors, respondents, demurred that the complaint did not state a cause of action against them, and also moved for judgment on the pleadings. The Special Term granted the motion. I am of opinion that the order should be affirmed.

The defendants were entitled to such demurrer. (*Brownson ·v. Gifford,* 8 How. Pr. 396.) The plaintiffs could not invoke the application of the rule of *Townsend* v. *Bogert* (126 N. Y. 370) and *Delcambre* v. *Delcambre* (210 id. 460) that would require answers in order to reveal the nature of defendants' claims, inasmuch as the plaintiffs do not assert their ignorance thereof and do plead that these defendants were creditors of the decedent. If this were not enough, the prior proceedings in the accounting in the Surrogate's Court, wherein the two respondents appeared, must have indicated the character and nature of the interest of the defendants as that of creditors.

The defendants as creditors were not necessary parties unless upon a final accounting. (*Wood* v. *Brown,* 34 N. Y. 337; *Smith* v. *Stevenson Brewing Co.,* °117 App. Div. 695.) It does not appear that the plaintiffs seek a final accounting in this action. The plaintiffs do not ask any relief against these defendants. It does not appear that these defendants have any interest in this action, or that they were in any way concerned in the said sale. They have no interest in the litigation, save an interest in the sense that they would wish to have the estate conserved in every way so that its debts may be discharged; but that is not enough to entitle the plaintiffs to bring them in and to *insist that they must stay in against their will.* (See Adams Eq. [8th Am. ed.] 316.) I think that the equity court had discretion to discharge them as parties (*Wiser* v. *Blachly,* 1 Johns. Ch. 437. See, too,

*Pope* v. *Manhattan R. Co.*, 79 App. Div. 585), and that the discretion was exercised properly, upon the principle stated in *Bump* v. *Gilchrist* (52 Hun, 6, 8; affd., 127 N. Y. 668).

The order is affirmed, with ten dollars costs and disbursements.

THOMAS, RICH, PUTNAM and BLACKMAR, JJ., concurred.

. Order affirmed, with ten dollars costs and disbursements.